28601, 28602. BOYNTON et al. v. LENOX SQUARE, INC. et al.; and vice versa.

GUNTER, Justice.

These two appeals are from a judgment below with which neither side was completely satisfied.

In Number 28602 the taxpayers have appealed because the judgment below held that a local constitutional amendment was properly submitted and ratified in the 1952 general election.

In Number 28601 the taxing officials, the City of Atlanta, and Fulton County have appealed because the judgment below held that the 1973 assessments of the taxpayers' property were null and void.

The Joint City-County Board of Tax Assessors of the City of Atlanta and Fulton County increased the

valuation and assessment of the property of the taxpayers for the year 1973 over and above what the valuations and assessments had been for the year 1972. Notices of the increases were mailed to the taxpayers. The notices sent to the taxpayers informed them that they had the right to demand arbitration on the amount of the assessment by filing a written demand for arbitration within ten days. The taxpayers filed a demand for arbitration within the time stated and they also filed with the Joint City-County Board of Tax Assessors a notice of appeal from the assessment to the "County Board of Equalization" which they contended should have been established pursuant to a 1972 statute (Ga. L. 1972, p. 1094).

The taxpayers then brought an action for declaratory judgment alleging that an actual controversy existed between them and the taxing officials, because the latter contended that arbitration pursuant to local statutes was the proper procedure for contesting real estate assessments and they, the taxpayers, contended that an appeal to a "County Board of Equalization" pursuant to the 1972 statute was the proper procedure for contesting real estate assessments. The taxpayers further contended that since no "County Board of Equalization" had been appointed pursuant to the 1972 statute, then they were denied due process of law in that no legal procedure had been validly established for them to legally contest the 1973 assessments upon their properties. The taxpayers asked that the trial court declare that the proper contesting method was by appeal to a "County Board of Equalization"; they asked that the taxing officials be enjoined from proceeding with the arbitration method; and they asked that the 1973 assessments upon their properties be declared null and void because they had been deprived of the legal method of contesting the assessments by failure to appoint and organize a "County Board of Equalization" to which appeals contesting real estate assessments must be taken.

The taxing officials, the city, and the county took the position that the procedure established by local legislation was unaffected by the 1972 statute establishing "County Boards of Equalization," that the

local legislation established the procedure for contesting real property assessments in the city and county, and that such established procedure did not deprive the taxpayers of due process of law.

There were no issues of fact to be determined, and the trial judge entered a judgment. His judgment upheld the 1952 local constitutional amendment and the local statute passed pursuant thereto. However, his judgment held that the 1972 Act superseded the earlier local legislation with respect to the method of contesting real estate assessments, and since no "County Board of Equalization" had been appointed and organized pursuant to the 1972 statute, the 1973 assessments were null and void in that the legal procedure for contesting them had not been implemented. As stated before, the taxpayers appealed from the ruling upholding the local constitutional amendment and the local legislation, and the Joint City-County Board and the two political subdivisions appealed from the ruling declaring the 1973 assessments null and void.

## I.

We first turn to the constitutionality of the local legislation which established a Joint City-County Board of Tax Assessors of the City of Atlanta and Fulton County. A resolution of this issue depends upon whether a local constitutional amendment was properly submitted and ratified in the 1952 general election.

The resolution (Ga. L. 1952, p. 591) proposing the constitutional amendment provided in part as follows: "The General Assembly of Georgia shall have the power by general, local or special law applicable to all counties having therein the greater part of a city with a population of three hundred thousand or more, . . . and to said city including any portions which lie in one or more counties, without regard to the uniformity provisions otherwise contained in this article, section and paragraph of this Constitution, to: (a) Provide for the establishment of a Board of Tax Assessors, to define the jurisdiction, powers and duties thereof, . . ., (b) Authorize said board to assess all taxable property in the county and in the city for taxation by either . . . , (c) Create a board of tax appeals and equalization, by whatever name

designated, and to define the jurisdiction, powers and duties thereof . . ., and establish procedures for appeals from assessments made by the board of tax assessors and for the equalization of said assessments which procedures shall be in lieu of any rights of arbitration or appeal heretofore existing in the county or in the city."

Section Two of the resolution provided that ballots used in the ratification election should have printed thereon the following: "For the ratification of the amendment to Article XI, Section I, Paragraph VI of the Constitution authorizing the General Assembly to provide for the assessment of property in counties having a city located therein with a population of more than three hundred thousand and such cities for tax purposes by a joint board of assessors and to create and provide for an agency to review and revise such assessments."

The contention of the taxpayers is that the language placed on the ballots was misleading and not sufficient to show the true effect of the proposed amendment. Therefore, it was not legally ratified, and local legislation pursuant thereto was a nullity. Their argument is that the resolution itself said it would be applicable to all counties having therein the greater part of the city with a population of "three hundred thousand or more," and to such city "including any portions which lie in one or more counties," whereas the language on the ballot referred to cities with a population of "more than three hundred thousand." Also, they argue that the phrase "including any portions [of such city] which lie in one or more counties" which was included in the body of the resolution was omitted from the language on the ballot.

We conclude, as the trial judge did, that these two technical inconsistencies did not prohibit the voters from intelligently registering their votes with respect to the approval or disapproval of this constitutional amendment. We hold that the amendment was properly ratified and that legislation could be enacted pursuant to it.

## II.

Pursuant to the constitutional amendment, a Joint City-County Board of Tax Assessors was created and a Board of Tax Appeals and Equalization was created. Ga.

L. 1952, p. 2825. In 1953 the Board of Tax Appeals and Equalization was abolished and arbitration of assessments made by the Joint City-County Board was activated. Ga. L. 1953, p. 2792. In 1958 a statute was enacted which adopted by reference Code § 92-6912, relating to arbitration. So the matter stood until 1973. Arbitration pursuant to Code § 92-6912 was the procedure for contesting real estate assessments in Atlanta and Fulton County.

In 1972 the General Assembly repealed Code § 92-6912 and enacted a new procedure for contesting real estate assessments in counties. Ga. L. 1972, p. 1094. Section 10 of this statute said: "Section 92-6912 of the Georgia Code of 1933 relating to arbitration of determinations by the county board of tax assessors is hereby repealed, and this Act is substituted thereof as § 92-6912 of said Code; provided, however, the procedures in Code § 92-6912, as they existed prior to the adoption of this Act, shall apply to all assessments made prior to January 1, 1973."

The taxpayers contend that this 1972 statute did away with arbitration in every county in the state including Fulton County. They further contend that after January 1, 1973, the only way to contest a real estate assessment is by appeal to a "Board of Equalization," the procedure provided for in the 1972 statute. The opposing argument is that Fulton County did not in 1972 have a County Board of Tax Assessors; it, along with the City of Atlanta, had a Joint City-County Board of Tax Assessors; that special constitutional and statutory authorization permitted this joint taxing operation with respect to assessments and procedures for contesting such assessments; that arbitration of assessments made by the Joint City-County Board pursuant to Code § 92-6912 had been specifically adopted by reference; that the repeal of this Code section "relating to arbitration of determinations by the County Board of Tax Assessors" did not abolish arbitration with respect to assessments made by the Joint City-County Board of Tax Assessors as provided for in the 1958 special statute (Ga. L. 1958, p. 3390); and that Atlanta and Fulton County, because of

their joint operation, did not have to establish the new procedure for contesting real estate assessments by county boards of assessors called for by the 1972 statute.

We conclude that the Joint Atlanta-Fulton County operation was not affected by the 1972 statute. The repeal of Code § 92-6912 abolished arbitration in each county that had a county board of tax assessors, but it did not abolish arbitration for the joint Atlanta-Fulton County operation since arbitration for this joint operation had been established for it by the special 1958 statute which had incorporated Code § 92-6912 by reference. The repeal of Code § 92-6912 by the 1972 statute did not repeal the 1958 special statute.

In 50 AmJur 58, § 39, we find the following: "It is a general rule that when a statute adopts a part or all of another statute, domestic or foreign, general or local, by a specific and descriptive reference thereto, the adoption takes the statute as it exists at that time, and does not include subsequent additions or modifications of the adopted statute, where it is not expressly so declared. The subsequent amendment or repeal of the adopted statute is not within the terms of, and has no effect upon, the adopting statute, where the latter statute is not also amended or repealed expressly or by necessary implication." We hold that the 1958 special statute in this case, which adopted Code § 92-6912, was not repealed either expressly or by implication by the enactment of the 1972 statute which repealed Code § 92-6912.

Atlanta and Fulton County tax assessments made by the Joint City-County Board of Assessors can still be contested by arbitration, and such procedure does accord procedural due process of law to taxpayers who desire to contest the assessments of their property.

*Judgment in No. 28602 affirmed; judgment in No. 28601 reversed. All the Justices concur.*

ARGUED FEBRUARY 11, 1974 — DECIDED JUNE 12, 1974 — REHEARING DENIED JULY 9, 1974.

*Guy Parker, Charles M. Lokey,* for appellants.
*Smith, Cohen, Ringel, Kohler, Martin & Lowe,*

*William G. Grant, Robert W. Spears, Marion Smith, II,* for appellees.