### 31046. SMITH et al. v. DAY et al.
### 31047. SMITH v. ADAMS et al.

UNDERCOFLER, Presiding Justice.

This litigation involves the 1974 Douglas County tax digest. It is not, however, the typical attack on the validity of the digest itself, nor the classic claim that the assessments are excessive. It merely challenges the procedure used by the county tax officials in carrying forward the 1973 assessments to 1974. Thus there is no requirement for an appeal to the county board of equalization under Code Ann. § 92-6912. *Tax Assessors of Gordon County v. Chitwood,* 235 Ga. 147 (218 SE2d 759) (1975). Nor, for the same reason, is there any need in these circumstances to tender amounts admittedly due. See *Blackmon v. Ewing,* 231 Ga. 239 (201 SE2d 138) (1973).

The taxpayers here sought to enjoin the county sheriff from enforcing tax fi. fas. against them for their 1974 taxes until the fi. fas. were amended to reflect the proper amounts due as required by a previous court order in another taxpayers' suit. That court order, entered in July, 1975, altered the 1973 county tax digest. Meanwhile however, the original 1973 assessments had been

automatically carried forward to the 1974 tax digest under Code Ann. § 92-6202.1. The taxpayers contended that this Code section requires the tax assessor to carry forward the taxpayer's return "at the same valuation as such property was *finally determined* to be subject to taxation in the preceding year. . ." (emphasis supplied), unless notice is given to the taxpayer of a higher assessment. Code Ann. § 92-6911 (a). No such notice was given to the taxpayers in this case. The trial court granted the taxpayers' relief on a motion for summary judgment and the county officials appeal. We affirm.

The tax assessors proceeded illegally in failing to amend the taxpayers' 1974 assessments after the 1975 court order altered the 1973 valuations which had been carried forward automatically under Code Ann. § 92-6202.1. An injunction is the appropriate remedy to prevent a wrongful act by a public official "even when acting under color of his office but without lawful authority, and beyond the scope of his official power." *Moore v. Robinson,* 206 Ga. 27, 36 (55 SE2d 711) (1949). The trial court thus correctly enjoined the sheriff from proceeding with the tax levy until the tax officials have complied with the statutory requirements.

*Judgment affirmed. All the Justices concur.*

ARGUED MAY 11, 1976 — DECIDED JUNE 8, 1976.

*William C. Tinsley, II,* for appellants.
*Dunaway & Perry, Marson Dunaway,* for appellees.