31459. BOYNTON et al. v. CARSWELL et al.
31460. BOYNTON et al. v. BARNETT et al.

GUNTER, Justice.

These two appeals are merely two more in a series of cases coming to this court in which property owners complain of assessments or methods of assessment for ad valorem tax purposes at the local level. These two class actions are almost identical in nature, Case No. 31459 being applicable to 1975 assessments and Case No. 31460 being applicable to 1976 assessments.

The taxpayers as a class of residential property owners, comprising three defined areas within the taxing district (Atlanta and Fulton County), brought these actions against the tax assessing and collecting officials of the district. The complaints sought a declaration that the actions of the assessing officials in revising the assessments on their properties were illegal and void, and they sought permanent injunctive relief against the collecting official so as to prevent him from collecting taxes on the basis of the revised and allegedly illegal assessments.

The complaints contended that the properties owned by members of the class were the only parcels in the entire taxing district upon which meaningful and substantive reappraisals and re-evaluations had been made for the two years in question; and they further contended that this procedure resulted in a non-uniform, unequal, and discriminatory method of assessment, thereby causing the members of the class to pay taxes that were not proportionate to that of taxpayers throughout the entire taxing district. The complaints did not contend that the properties of the members of the class were assessed in excess of their fair market value; they merely contended that the method used in arriving at the assessments violated the constitutional requirements of uniform taxation, Code Ann. § 2-4603 (1976), and equal protection, Code Ann. § 2-203 (1976). Therefore, these cases actually involve the constitutionality of the *method* used by the assessing officials in the taxing district to update real estate assessments.

The taxing officials filed responsive pleadings in

which they contended that the complaints failed to state a claim upon which relief could be granted; they contended that the taxpayers had an adequate remedy at law; they contended that the class actions were not authorized; and they denied that the assessments were a part of an illegal, non-uniform, or discriminatory scheme which denied the taxpayers their constitutional rights.

The trial judge consolidated the two cases, conducted a trial without the intervention of a jury, and rendered a judgment in favor of the taxpayers. His judgment declared the method of reassessment illegal, and it enjoined the collection of taxes based on the reassessments for the two years in question.

The taxing officials have come here for review, and we reverse the judgment below.

The whole thrust of our recent decisions in this subject-matter area has been that disputes of this nature must, if at all possible, be determined within the framework of the machinery established at the local level for resolving such disputes. In short, the trial courts, by resorting to use of their equitable powers, should not entertain these controversies unless procedures established by statute have been utilized for the settlement of such disputes. As a shining example of this thrust, see *Tax Assessors v. Chitwood,* 235 Ga. 147 (218 SE2d 759) (1975).

In *Boynton v. Lenox Square,* 232 Ga. 456 (207 SE2d 446) (1974), this court ruled: "Atlanta and Fulton County tax assessments made by the Joint City-County Board of Assessors can still be contested by arbitration, and such procedure does accord procedural due process of law to taxpayers who desire to contest the assessment of their property." P. 461. We add here that this method of contesting assessments also accords equal protection of the laws.

The taxpayers argued in the trial court and continue to argue here that they did not have an adequate remedy through the arbitration procedure established by statute, and that the trial court properly exercised its equity jurisdiction in these cases. Their brief in this court states: "Given the very limited authority vested in arbitrators reviewing assessments in Atlanta-Fulton County, it is

clear that appellees had no adequate remedy at law. It must be remembered that appellees *were not* raising questions regarding the proper valuation of their property. They were raising questions of constitutional law arising under the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States, the Equal Protection Clause of the Constitution of Georgia of 1975 . . ., and the Uniform Taxation Clause of the Constitution of Georgia of 1945."

We disagree with this contention of these taxpayers. It is patently clear that these taxpayers, as a class, were raising the issue of the proper valuation of their properties as a class of properties within the entire taxing district. Their simple contention is that their properties, as a class, are over-assessed in comparison with all other like properties in the entire taxing district because of the method used in assessing their properties as compared to the method used in assessing all other like properties throughout the district. There is no legal or practical reason why this class controversy could not be settled in a class arbitration. The issue between each member of the class in these cases and the Joint Board of Assessors is identical — the over-assessment of their properties because of the method of assessment used by the joint board, resulting in non-uniform assessments throughout the district. If that result does come about because of the method used, it is the duty of the arbitrators to rectify such non-uniformity. Furthermore, if the taxpayers or the board are dissatisfied with the arbitrators' decision, they have the right of appeal to the superior court. And such an appeal "shall constitute a de novo action and shall be heard before a jury at the first term following the filing of the appeal." Ga. L. 1974, pp. 3607, 3608.

We therefore conclude that the taxpayers in these two cases should have followed the statutory procedure established for contesting the valuations placed upon their properties for the two years in question. Succinctly stated, their complaints did not state a claim for equitable relief, because they had an adequate remedy established by statute. As a matter of policy and judicial economy, trial courts should not entertain these ad valorem tax controversies except through statutory appeal

procedures.

We reverse the judgment.

Having disposed of the primary issue as we have, it is unnecessary to give consideration to the other issues raised in these appeals.

*Judgment reversed. All the Justices concur, except Nichols, C. J., who is disqualified.*

ARGUED SEPTEMBER 21, 1976 — DECIDED FEBRUARY 15, 1977 — REHEARING DENIED MARCH 1, 1977.

*Harold T. Daniel, Jr., Charles M. Lokey, Ferrin Y. Mathews,* for appellants.

*Fierer & Devine, Foy R. Devine,* for appellees.