32753, 32754. CALLAWAY et al. v. CARSWELL et al.; and vice versa.

JORDAN, Justice.

Sam Callaway and others, members of the Joint City-County Board of Tax Assessors for the City of Atlanta and County of Fulton, and William Lee Roberts, Tax Commissioner of Fulton County, appeal from a mandamus judgment in an action instituted against them by Miriam E. Carswell and others, taxpayers suing for themselves and others similarly situated.

The taxpayers previously instituted litigation concerning the reassessment of their 1975 and 1976 taxes, contending that the properties owned by members of the class were the only parcels in the entire taxing district upon which meaningful and substantive reappraisals and reevaluations had been made in these years, which resulted in a nonuniform and discriminatory method of assessment of their properties in proportion to that of taxpayers throughout the entire taxing district. The trial court rendered a judgment in

favor of the taxpayers. On appeal to this court the judgment was reversed, this court holding that the complaints did not state a claim for equitable relief in that the taxpayers had an adequate remedy by statute, that is, class arbitration. See *Boynton v. Carswell,* 238 Ga. 417 (233 SE2d 185) (1977).

In the present action the taxpayers alleged that they have demanded class arbitration as to their 1975, 1976, and 1977 taxes, and that the Board of Tax Assessors has denied arbitration with respect to the 1975 and 1976 tax assessments on the ground that the demand was not made within the time provided by law; and has refused to participate in class arbitration as to the 1977 taxes. The taxpayers prayed for mandamus to require the Board of Tax Assessors to enter into class arbitration with them in regard to their assessments for 1975, 1976, and 1977, and for declaratory judgment to set forth their procedural rights with respect to class arbitration.

The trial judge in his judgment held: In *Boynton v. Carswell,* supra, the Supreme Court held that the taxpayers "had an adequate remedy established by statute" which they "should have followed" and they may not now resort to class arbitration with respect to 1975 and 1976 assessments. All taxpayers who have previously made payments of disputed taxes pursuant to order of the court in the two former cases are deemed to have made such payments as of March 9, 1977, for the purposes of Ga. L. 1975, p. 774 et seq. (Code Ann. § 92-3901a et seq.). The document filed by the attorney representing the taxpayers as a "class return" was ineffective, as there is no provision of law for such a return, and those members of the class of taxpayers in the cases of Carswell and Barnett who did not file individual returns within the time provided by law are deemed to have returned their property at the assessment placed upon it by the Board of Tax Assessors for 1976 under Ga. L. 1969, p. 960; 1970, p. 278 (Code Ann. § 92-6202.1). The taxpayers who filed individual returns within the time provided by law for 1977, who have filed timely demands for a class arbitration on the issue raised in the cases of Carswell and Barnett, and who have named an arbitrator to represent them, are entitled to class arbitration under specified

terms and conditions. The taxpayers' contention, that the failure of the Board of Tax Assessors to name their arbitrator within ten days after receiving notice from the taxpayers of their demands for arbitration would cause them to forfeit their right to arbitration, is without merit. The motion by the tax officials to dismiss the complaint was denied.

1. In Case No. 32753 the tax officials contend that the court erred in denying their motion to dismiss the complaint on the ground that the court lacked jurisdiction of the subject matter because the taxpayers failed to pay any part of the ad valorem taxes assessed against their properties for 1977, as required by Ga. L. 1976, p. 1154 (Code Ann. § 92-6413), which provides: "Notwithstanding any other provision of law to the contrary, before the superior court shall have jurisdiction to entertain any civil action, appeal, or affidavit of illegality filed by any aggrieved taxpayer respecting liability for ad valorem property taxes, taxability of property for ad valorem property taxes, valuation of property for ad valorem taxes, or uniformity of assessments for ad valorem property taxes, such taxpayer shall pay the amount of ad valorem property taxes assessed against the property at issue for the last year for which taxes were finally determined to be due on such property."

The complaint filed by the taxpayers was for the limited purpose of requiring the Board of Tax Assessors to enter into class arbitration with them. A decision in the case would not determine tax liability, taxability of property, valuation of property, or uniformity of assessments for ad valorem property taxes. It would merely determine whether the taxpayers could have class arbitration. Code Ann. § 92-6413 does not apply to it. Compare *Smith v. Day,* 237 Ga. 48 (226 SE2d 588) (1976), which was decided after the effective date of Code Ann. § 92-6413.

We note that the pending arbitration would not prevent the collection of taxes when the taxes became due, to be paid on the assessed valuation of the property determined for the prior tax year. Ga. L. 1974, pp. 2489, 2490, § 2.

It was not error for the trial judge to refuse to dismiss

the complaint on the ground that no payment of taxes was made at the time of its filing.

2. The tax officials assert that the taxpayers were not entitled to the issuance of a writ of mandamus requiring them to proceed in a class arbitration with respect to the 1977 ad valorem tax assessments on the properties of the taxpayers, and that the procedures established were not authorized by law. The particular procedures complained of were: the requirement that only one arbitrator be named by the Board of Assessors to determine the assessments of all the taxpayers in the class represented by the taxpayer litigants; and the limitation of the issue to be heard by the arbitrators to the uniformity of appraisals and assessments of these taxpayers with appraisals and assessments in effect for 1977 on comparable properties in other areas of the taxing district.

It is argued by the tax officials that Ga. L. 1974, pp. 3607-3609, which provides the procedure for arbitration in Fulton County, authorizes arbitration only on the basis of individual taxpayers, and does not provide for class arbitration nor for any procedure applicable to class arbitration.

In *Boynton v. Carswell,* 238 Ga. 417, supra, this court held: "It is patently clear that these taxpayers, as a class, were raising the issue of the proper valuation of their properties as a class of properties within the entire taxing district. Their simple contention is that their properties, as a class, are over-assessed in comparison with all other like properties in the entire taxing district because of the method used in assessing their properties as compared to the method used in assessing all other like properties throughout the district. There is no legal or practical reason why this class controversy could not be settled in a class arbitration. The issue between each member of the class in these cases and the Joint Board of Assessors is identical — the over-assessment of their properties because of the method of assessment used by the joint board, resulting in non-uniform assessments throughout the district."

The trial judge has followed this court's ruling that class arbitration should be permitted, and has devised a

procedure for these taxpayers to have class arbitration on the only question which they have made, the nonuniformity of the reassessment of their properties. The trial judge correctly limited the class arbitration to those taxpayers not contesting their assessments as to market value. It would be impractical to have a class action with numerous arbitrators. The trial judge has provided a workable procedure for the class arbitration. We find no merit in the assertions of the tax officials.

Upon reflection, it is our opinion that the premise upon which *Boynton v. Carswell,* 238 Ga. 417, supra, was decided is in error. That decision was predicated upon the conclusion that the taxpayers were contesting the valuation of their property and since there was a common complaint by all the taxpayers a class arbitration could be conducted.[1] In fact the question was not the valuation of the taxpayers' property but rather a question of whether Fulton County could reassess property piecemeal. This is a legal question which the Fulton County statutory arbitration procedure is not designed to handle and which the arbitrators can not resolve. The arbitrators have no authority to decide whether Fulton County acted in a constitutional manner in reassessing these taxpayers' property and imposing upon them these new valuations without reassessing the properties of all the taxpayers in the county. *Hutchins v. Howard,* 211 Ga. 830 (89 SE2d 183) (1955), and *Green v. Calhoun,* 204 Ga. 550 (50 SE2d 209) (1948). Accordingly, we decline to follow *Boynton v. Carswell,* supra, in the future. However, in the instant case we follow the *Boynton* case because to do otherwise would prejudice these taxpayers who have relied upon the

---

[1] "The repeal of Code Ann. § 92-6912 abolished arbitration in each county that had a county board of tax assessors, but it did not abolish arbitration for the joint Atlanta-Fulton County operation since arbitration for this joint operation had been established for it by the special 1958 statute which had incorporated Code [Ann.] § 92-6912 by reference. The repeal of Code [Ann.] § 92-6912 by the 1972 statute did not repeal the 1958 special

*Boynton* opinion.

3. In Case No. 32806 the taxpayers in their cross appeal assert that the court erred in ruling that they could not have class arbitration with respect to their assessments for 1975 and 1976 because the time had passed for requesting arbitration for these years. They assert that the court erred in ruling that the class return was ineffective. They contend that the court should have held that the Board of Tax Assessors forfeited their right to arbitrate with the taxpayers who filed timely demands for arbitration because the board had not named its arbitrator within the time required by law.

We find no merit in any of these contentions.

*Judgment affirmed on the main appeal and cross appeal. All the Justices concur.*

ARGUED SEPTEMBER 21, 1977 — DECIDED JANUARY 24, 1978.

*Ferrin Y. Mathews, Charles M. Lokey, Guy Parker, Webb, Young, Daniel & Murphy, Harold T. Daniel, Jr.,* for appellants.

*Fierer & Devine, Foy R. Devine,* for appellees.

statute." *Boynton v. Lenox Square,* 232 Ga. 456, 461 (207 SE2d 476) (1974). Therefore, *Tax Assessors v. Chitwood,* 235 Ga. 147 (218 SE2d 759) (1975), requiring taxpayers to exhaust their administrative remedy by appeal to the Board of Equalization established by the 1972 statute, Ga. L. 1972, p. 1094, does not apply to Fulton County taxpayers.