### 32958. NORTH BY NORTHWEST CIVIC ASSOCIATION, INC. et al. v. CATES et al.

MARSHALL, Justice.

The appellants, an association of property owners in northwest Atlanta and an arbitrator appointed by the association and by one of the individual members of the association, brought this class action complaining among other things that the Joint City of Atlanta-Fulton County Board of Tax Assessors had notified the property owners of an increase in the assessments on their property for purposes of the 1977 ad valorem tax levy.

The appellants alleged that they, individually and as a class, had given written notice to the board within 10 days from the date they had been given the notices of assessment demanding arbitration and naming their arbitrator, as required by Ga. L. 1974, p. 3607, § 1. The appellants alleged that the board had failed to name its arbitrator within 10 days after receiving the appellants' arbitration demand, which the previous Act also requires. The appellants prayed that arbitration proceedings concerning the appellants' property be enjoined. They also sought a declaratory judgment that the appointment of an arbitrator by the board would be illegal and, therefore, that the present valuation of appellants' property in their 1977 tax returns is the sole, legal basis for taxation.

Alleging that the valuation method presently used by the county tax assessor results in nonuniform assessments, so that some parcels of land in the tax district are overassessed and other parcels of land in the tax district are underassessed, the appellants prayed that the trial court conduct a class arbitration on this question, citing as authority for such a procedure certain statements by this court in *Boynton v. Carswell*, 238 Ga. 417 (233 SE2d 185) (1977), since repudiated in *Callaway v. Carswell*, 240 Ga. 579 (1978). The appellants alleged here that their grievances are similar to those of the taxpayers in *Boynton v. Carswell*, and, on this basis, they argue that under *Boynton* a class arbitration should be

ordered.[1]

The appellants also sought a declaratory judgment that the State Revenue Commissioner's increases in the local tax digest for the years 1973 and 1976 should be decreased because these increases failed to differentiate between different parcels of land within the tax district and also because they discriminate against this tax district vis-a-vis other tax districts in the state. For these reasons, the appellants argued that the revenue commissioner's increases in the local tax digest for these years were arbitrary, unreasonable, and a violation of due process.

The trial court granted the local tax assessor's and tax commissioner's motions to dismiss the complaint on two grounds: (1) the appellants' failure to comply with Code Ann. § 92-6413 (Ga. L. 1976, p. 1154)[2]; (2) the failure of the appellants' complaint to allege facts upon which class arbitration could be ordered, and, therefore, to state a claim upon which relief could be granted. The court denied the appellants' request to declare void the appointment of an arbitrator by the board. The court granted the appellee State Revenue Commissioner's motion to dismiss on grounds of mootness and also on the

---

[1] It is not clear which of two positions the appellants are taking. They seem to be arguing, on the one hand, that their properties are overassessed and other properties in the tax district are underassessed. On the other hand, they seem to be arguing, not that their properties are overassessed, but simply that the other properties are underassessed; this nonuniformity in assessments among different properties in the tax district would be brought about by the tax assessors' reassessing property in a piecemeal fashion.

*Boynton v. Carswell* was decided under the premise that the taxpayers there were making the former argument. *Callaway v. Carswell* overruled *Boynton* because of the realization that it was the latter argument that was being made.

[2] Code Ann. § 92-6413 provides: *"Payment of ad valorem property taxes condition precedent to superior court jurisdiction in property tax litigation —*

ground that the relief requested against the state could not be granted to the individual taxpayers, citing *Chilivis v. Kell,* 236 Ga. 226 (5) (223 SE2d 117) (1976) and cits. This appeal follows. *Held:*

1. As to the trial court's dismissal of the appellants' complaint because of their failure to comply with the requirements of Code Ann. § 92-6413, the appellants argue that their city and county ad valorem property taxes had not come due on the date this complaint was filed and that an offer in the complaint to pay their city and county ad valorem property taxes as they came due based on the 1976 tax assessment satisfied the jurisdictional requirement imposed by Code Ann. § 92-6413. We do not agree.

The appellants' offer to pay their 1977 county and municipal ad valorem taxes based on the 1976 assessments when the 1977 taxes became due would satisfy Ga. L. 1974, pp. 2489, 2490, § 2, which applies only to the larger counties and municipalities in the state.

However, Code Ann. § 92-6413 imposes as a jurisdictional prerequisite to any superior court in this state entertaining any of the ad valorem property tax disputes enumerated in that Code section, that the taxpayer "pay the amount of ad valorem property taxes assessed against the property at issue for the last year for which taxes were finally determined to be due on such property." Since the taxpayers in this case are bringing suit in 1977 to contest the uniformity of assessment and property valuation for their 1977 ad valorem property

---

Notwithstanding any other provision of law to the contrary, before the superior court shall have jurisdiction to entertain any civil action, appeal, or affidavit of illegality filed by any aggrieved taxpayer respecting liability for ad valorem property taxes, taxability of property for ad valorem property taxes, valuation of property for ad valorem taxes, or uniformity of assessments for ad valorem property taxes, such taxpayer shall pay the amount of ad valorem property taxes assessed against the property at issue for the last year for which taxes were finally determined to be due on such property."

taxes, Code Ann. § 92-6413 requires them, as a condition precedent to their bringing this suit, to pay the amount of ad valorem property taxes assessed against the property at issue for 1976, the last year for which such taxes were finally determined to be due.[3]

Section 92-6413 is part of a larger statutory scheme, Code Ann. §§ 92-6413 through 92-6416 (Ga. L. 1976, pp. 1154, 1155), the other provisions of which convince us that this is the construction of § 92-6413 that the General Assembly intended. Specifically, § 92-6413 provides that if the total millage rate has not been determined for the current year, the taxes paid under the provisions of this law shall be distributed to the applicable taxing districts on the basis of the millage rate established for the immediately preceding year. This provision indicates that the General Assembly anticipated that payments of ad valorem taxes pursuant to the requirement of Code Ann. § 92-6413 would be made before the millage rate for that year had been determined, and, therefore, before ad valorem taxes for that year were due and payable.

*Register v. Langdale,* 226 Ga. 82 (172 SE2d 620) (1970), which holds that in ad valorem tax contest proceedings the taxpayer need only tender the amount of taxes admitted to be due as they become due, has been superseded by Code Ann. § 92-6413. The appellants' reliance upon *Register* is, therefore, misplaced.

2. The trial court did not err in refusing to declare the Joint City-County Board of Tax Assessors' appointment of an arbitrator illegal. See *Callaway v. Carswell,* supra.

Assuming that the board failed to name its arbitrator within 10 days after receiving the taxpayers' demand to arbitrate, which the appellees dispute, this would not

---

[3] No question concerning the constitutionality of this tax collection procedure has been raised in this case. However, we do note *Blackmon v. Ewing,* 231 Ga. 239 (2) (201 SE2d 138) (1973), which holds that the superior court, under its equitable powers, is authorized to direct the temporary collection of ad valorem taxes on some rational basis.

justify the court in declaring illegal the board's subsequent appointment of an arbitrator. We interpret as directory the requirement in Ga. L. 1974, p. 3607, that the board name its arbitrator within 10 days after receiving the taxpayers' written notice demanding an arbitration.

"[T]his court has held that language contained in a statute which, given its ordinary meaning, commands the doing of a thing within a certain time, when not accompanied by any negative words restraining the doing of the thing afterward, will generally be construed as merely directory and not as a limitation of authority, and this is especially so where no injury appeared to have resulted from the fact that the thing was done after the time limited by the plain wording of the Act. [Cits.] . . . [A] statutory provision is generally regarded as directory where a failure of performance will result in no injury or prejudice to the substantial rights of interested persons, and as mandatory where such injury or prejudice will result." *Barton v. Atkinson,* 228 Ga. 733, 739 (187 SE2d 835) (1972).

3. Under *Ogletree v. Woodward,* 150 Ga. 691 (105 SE 243) (1920), *Griggs v. Greene,* 230 Ga. 257 (4) (197 SE2d 116) (1973), and *Chilivis v. Kell,* supra, any objection to adjustment in the local tax digest by the State Revenue Commissioner must be made by the county tax officials and not by the individual taxpayer. Accordingly, we hold that the trial court did not err in dismissing the appellants' complaint against the State Revenue Commissioner for lack of standing.

4. There were no requests at trial that the board of tax assessors be ordered to appoint either a class arbitrator or arbitrators to arbitrate with the taxpayers on an individual basis. Since statutory arbitration proceedings between these taxpayers as a class and the board of tax assessors has not yet begun and forms no part of the relief prayed for, class arbitration is now barred by *Callaway v. Carswell,* supra. Our decision does not affect arbitrations between individual taxpayers and the board, which may proceed at their own pace.

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 16, 1977 — DECIDED FEBRUARY 22, 1978 —

Rehearing denied March 28, 1978.

Moreton Rolleston, Jr., for appellants.

Charles M. Lokey, Ferrin Y. Mathews, Guy Parker, Nick P. Chilivis, Jerry Bowling, Assistant Attorney General, for appellees.