33561, 33562. LOTT INVESTMENT CORPORATION v. GERBING et al. (two cases).

HILL, Justice.
Lott Investment Corporation, the appellant-taxpayer in these two consolidated cases, is the owner of a large number of parcels of real estate located in and near Waycross, Ware County, Georgia. Upon receiving ad valorem tax assessments for the year 1976, the taxpayer sent the Ware County Board of Tax Assessors a notice of protest of value on certain of its property. The Board of Tax Assessors forwarded the protest to the Board of Equalization. The Board of Equalization raised the values on numerous parcels and

the taxpayer on May 25, 1977, filed in superior court these appeals from the decisions of the Board of Equalization.

The appellee, the Board of Tax Assessors, moved to dismiss the appeals for failure to comply with Ga. L. 1976, pp. 1154-55, Code Ann. §§ 92-6413 through 92-6416, especially Code Ann. § 92-6413, which provides that: "Notwithstanding any other provision of law to the contrary, before the superior court shall have jurisdiction to entertain any civil action, appeal, or affidavit of illegality filed by any aggrieved taxpayer respecting liability for ad valorem property taxes, taxability of property for ad valorem property taxes, valuation of property for ad valorem taxes, or uniformity of assessments for ad valorem property taxes, such taxpayer shall pay the amount of ad valorem property taxes assessed against the property at issue for the last year for which taxes were finally determined to be due on such property."

The taxpayer responded by attacking the constitutionality of Code Ann. §§ 92-6413 through 92-6416 on the grounds that (1) the statute requires aggrieved taxpayers to pay their taxes when they file suit, which may be prior to the date the taxes become due; (2) the statute requires taxpayers to pay an amount equal to the tax which was due for a prior year when the current amount due may be less, due to either a millage rate reduction or a decrease in the value of the property; and (3) the statute does not provide for the payment of interest to the taxpayer on any amount paid in advance which turns out to be in excess of the actual taxes due. The taxpayer urged that the statute constituted a denial of due process and equal protection guaranteed to it under the Georgia Constitution, Code Ann. §§ 2-101, 2-203. These issues were not raised in *North by Northwest Civic Assn. v. Cates*, 241 Ga. 39, 42, n.3 (243 SE2d 32) (1978).

The superior court upheld the constitutionality of Code Ann. § 92-6413 et seq. and granted the board's motion to dismiss the appeal. In the appeal to this court, the taxpayer does not contest the finding below that it has not complied with Code Ann. § 92-6413, but renews its challenges to the constitutionality of that statute.

The taxpayer's challenges to the statute fall into two

categories. One challenges the statute's requirements that the requisite amount be paid when suit is filed, even though this may be prior to the due date for the taxes at issue; the other catagory is directed at the statute's use of the taxes for the last year in which they were finally determined to be due as the interim amount to be paid, without consideration of decreases in value or reduction in the millage rate and without provision for payment of interest on any excess. In this case, the taxes at issue were due on March 15, 1977; the taxpayer did not pay at that time and did not file its appeal to the superior court until May 25, 1977. Hence the payment required by the statute became payable after the taxes were due. Thus, as to the first challenge, the taxpayer is arguing that the statute is unconstitutional as applied to aggrieved taxpayers who file suit prior to the due date and are thereby forced to pay taxes prior to the date on which nonaggrieved taxpayers must pay.

But this taxpayer was not so affected, because its appeals to the superior court were not filed until after the 1976 taxes were in fact due. The taxpayer, therefore, not being affected and thus not having been harmed by this alleged deficiency in the statute, is not in a position to attack its constitutionality on this ground. *Collins v. Williams,* 237 Ga. 576 (2) (229 SE2d 388) (1976); *Bryant v. Prior Tire Co.,* 230 Ga. 137 (196 SE2d 14) (1973); *Payne v. Bradford,* 231 Ga. 487 (2) (202 SE2d 422) (1973); *South Ga. Natural Gas Co. v. Ga. Public Service Comm.,* 214 Ga. 174 (1) (104 SE2d 97) (1958). As the United States Supreme Court has ruled, "one to whom application of a statute is constitutional will not be heard to attack the statute on the ground that impliedly it might also be taken as applying to other persons or other situations in which its application might be unconstitutional." United States v. Raines, 362 U. S. 17, 21 (80 SC 519, 4 LE2d 524) (1960). As to the state constitutional challenges raised here, we follow the rule "that one who would strike down a state statute as violative of the Federal Constitution must show that he is within the class of persons with respect to whom the Act is unconstitutional and that the alleged unconstitutional feature injures him." Heald v. District of Columbia, 259 U. S. 114, 123 (42 SC 434, 66 LE 852)

(1922). Anything to the contrary in *Frankel v. Cone,* 214 Ga. 733 (107 SE2d 819) (1959), is hereby disapproved.

The taxpayer also asserts that the statute is unconstitutional because of the allegedly arbitrary fixing of the amount to be paid as the last amount finally determined to be due, arguing that this fails to take into account the possibility of a drastic reduction in property value caused, for example, by a tornado, or the possibility of a millage rollback.[1] The taxpayer points out that the injury caused by use of this allegedly arbitrary figure is exacerbated by the statute's failure to provide for interest to be paid on the excess payment, if any. Again, however, the taxpayer lacks standing in this instance. The record before this court shows that the taxpayer protested the 1976 valuations of certain of its properties. Nothing in this record, or for that matter in the briefs, suggests that there was either a millage rollback or a decrease in valuation applicable to these properties which would cause the amount due in 1976 to fall below the amount due in 1975, even by the taxpayer's calculations. Thus this alleged statutory deficiency has caused this taxpayer no harm, injury, or other adverse effect. Because the taxpayer has failed to show that its 1976 liability would be less than its 1975 liability, neither the fact that the 1975 figure is used or that interest would not be paid on any overpayment harms this taxpayer.

Since the taxpayer lacked standing to challenge the constitutionality of Code Ann. § 92-6413 et seq., the superior court properly denied the appeals because the taxpayer's failure to comply with the statute rendered the superior court without jurisdiction. In view of our determination that the superior court correctly ruled that it did not have jurisdiction of the appeals, the taxpayer's additional enumerations of error need not be decided.

*Judgment affirmed. All the Justices concur.*

ARGUED MAY 9, 1978 — DECIDED SEPTEMBER 7, 1978.

---

[1]Millage reductions may occur with some frequency as a result of the imposition of local retail sales and use taxes pursuant to Code Ann. § 92-3447a.1.

*Gibson, McGee & Blount, Lamar Gibson,* for appellant.

*Neal L. Conner,* for appellees.