## 35593. BYRDSONG v. THE STATE.

HILL, Justice.

Defendant was tried by a jury for the offense of carrying a firearm at a public gathering. Code Ann. § 26-2902 (Ga. L. 1968, pp. 1249, 1323; 1976 pp. 1430, 1432, effective July 1, 1976). Prior to trial she moved to dismiss, alleging that Code Ann. § 26-2902 is unconstitutionally vague. Her motion was denied. She was convicted and sentenced to serve twelve months on probation. Her sole enumeration of error on appeal challenges the constitutionality of Code Ann. § 26-2902.

The jury was authorized to find that the defendant was in an establishment in Albany, Georgia, called "The House," a place where alcoholic beverages were dispensed. As the defendant was leaving, an altercation broke out between the defendant and another woman. The defendant fired a pistol she was carrying, slightly wounding a bystander. Defendant was convicted of violating Code Ann. § 26-2902.

As it applies to this case, Code Ann. § 26-2902 reads: "A person commits a misdemeanor when he carries to or while at a public gathering any explosive compound, firearm, or knife designed for the purpose of offense and defense. For the purpose of this section, 'public gathering' shall include, but shall not be limited to: . . . establishments at which alcoholic beverages are sold for

consumption on the premises . . ."

Defendant asserts that Code Ann. § 26-2902 is unconstitutionally vague in that it fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute and there are no standards provided so that one might easily understand what is meant by "public gathering."[1]

"Public gathering" is defined in the statute to include, but not be limited to, athletic or sporting events, schools or school functions, churches or church functions, political rallies or functions, publicly owned or operated buildings, or establishments at which alcoholic beverages are sold for consumption on the premises. The phrase "establishments at which alcoholic beverages are sold for consumption on the premises" was sufficient to put this defendant on notice as to what would be considered to be a "public gathering"; this defendant will not be heard to complain that there may be some "public gatherings" not listed in the statute. *Lott Invest. Corp. v. Gerbing,* 242 Ga. 90, 92 (249 SE2d 561) (1978); *State v. Raybon,* 242 Ga. 858, 862 (252 SE2d 417) (1979).

*Judgment affirmed. All the Justices concur.*

Submitted November 9, 1979 — Decided February 27, 1980.

*King, Phipps & Associates, Carl A. Bryant,* for appellant.

*William S. Lee, District Attorney, Hobart M. Hind,*

---

[1]Defendant also asserts that she had a license to carry a pistol and that there is a conflict between Code Ann. §§ 26-2904 and 26-2902. We find no such conflict. Moreover, there is no evidence in this record that defendant had such a license. Defendant also asserts that the statute contains no requirement as to intent (but see Code § 26-601); this contention cannot be considered as the charge of the court was omitted by appellant from the record.

*Assistant District Attorney,* for appellee.