A09A1165. LAKE ERMA, LLC et al. v. HENRY COUNTY BOARD OF TAX ASSESSORS.
(681 SE2d 188)

MIKELL, Judge.

On November 3, 2006, appellants Lake Erma, LLC; Crystal Lake Golf Club, LLC; J. P. Evans; and Tim Jones (hereinafter "plaintiffs") appealed to the Superior Court of Henry County the 2006 ad valorem valuation of their property in Henry County (Tax Parcel 035-02008000). On December 5, 2006, defendant Henry County Board of Tax Assessors moved to dismiss the appeal for lack of subject matter jurisdiction, due to plaintiffs' failure to comply with the requirements of OCGA § 48-5-29 (a).[1] On June 22, 2007, the superior court granted the Board's motion and dismissed plaintiffs' appeal for lack of jurisdiction on the ground that "[p]laintiffs failed to pay any amount towards the payment of their 2006 ad valorem taxes before commencing suit in this Court." Plaintiffs appeal. We vacate the trial court's order and remand with instructions.

Where a taxpayer fails to pay the ad valorem property taxes as required by OCGA § 48-5-29 (a) before appealing an ad valorem tax matter to the superior court, the court lacks jurisdiction to hear the taxpayer's appeal.[2] However, the jurisdictional defect resulting from a taxpayer's failure to make the payment required by OCGA § 48-5-29 (a) is cured where the taxpayer makes the payment "prior to the filing of the judgment on the motion to dismiss."[3]

---

[1] OCGA § 48-5-29 (a) provides that
[b]efore the superior court has jurisdiction to entertain any civil action, appeal, or affidavit of illegality filed under this title by any aggrieved taxpayer concerning liability for ad valorem property taxes, taxability of property for ad valorem property taxes, valuation of property for ad valorem taxes, or uniformity of assessments for ad valorem property taxes, the taxpayer shall pay the amount of ad valorem property taxes assessed against the property at issue for the last year for which taxes were finally determined to be due on the property.

[2] See *Bannister v. Douglas County Bd. of Tax Assessors*, 219 Ga. App. 68, 69 (464 SE2d 29) (1995).

[3] *McCauley v. Bd. of Tax Assessors of Muscogee County*, 245 Ga. 510 (265 SE2d 787) (1980) (where taxpayer paid tax *before* order dismissing case was filed, even though *after* trial court issued ruling from the bench, jurisdictional defect was cured; dismissal of appeal was improper).

Plaintiffs asserted that they paid the 2006 ad valorem taxes on this property before the entry of the trial court's order dismissing the appeal. Attached to their brief in response to the Board's motion to dismiss were photocopies of the following items: a 2006 property tax statement for the property dated February 10, 2007, showing ad valorem taxes due of $64,281.46; plaintiffs' cancelled check number 2114, dated February 20, 2007, in the amount of $64,281.46, payable to the Henry County Tax Commissioner; an "official tax receipt" for $64,281.46, showing interest and penalties of $642.81 remaining due; and plaintiffs' cancelled check number 2117, dated February 23, 2007, in the amount of $642.81, payable to the Henry County Tax Commissioner. Plaintiffs paid these amounts *before* entry of the court's order dismissing their appeal for lack of jurisdiction on June 22, 2007; therefore, these payments, if sufficient, were made in time to cure the jurisdictional defect under OCGA § 48-5-29 (a).[4]

The question remains, however, whether the payments made by plaintiffs were sufficient. In order to satisfy the jurisdictional prerequisites for maintaining an appeal, OCGA § 48-5-29 (a) requires the taxpayer to pay "the amount of ad valorem property taxes assessed against the property at issue for the last year for which taxes were finally determined to be due on the property." In *Lott Investment Corp. v. Gerbing*,[5] a taxpayer who challenged the ad valorem tax for 1976 was required to pay an amount equal to the 1975 tax liability for the property at issue;[6] his failure to pay this amount rendered the superior court without jurisdiction.[7] Similarly, in *North by Northwest Civic Assn. v. Cates*,[8] our Supreme Court stated that taxpayers challenging 1977 ad valorem property taxes were required, "as a condition precedent to their bringing this suit, to pay the amount of ad valorem property taxes assessed against the property at issue for 1976, the last year for which such taxes were finally determined to be due."[9] Because the taxpayers failed to pay this amount, the trial court properly dismissed their appeal.[10]

In the case at bar, plaintiffs challenged the 2006 ad valorem taxes on the property; thus, in order for the superior court to entertain plaintiffs' appeal, plaintiffs had to pay an amount equal to the 2005 ad valorem taxes on the property, because this amount was

---

[4] See id.

[5] 242 Ga. 90 (249 SE2d 561) (1978).

[6] Id. at 93 (interpreting Ga. L. 1976, pp. 1154-1155, then codified at Ga. Code Ann. § 92-6413, now codified at OCGA § 48-5-29 (a)).

[7] Id.

[8] 241 Ga. 39 (243 SE2d 32) (1978).

[9] (Footnote omitted.) Id. at 41-42 (1) (interpreting Ga. Code Ann. § 92-6413).

[10] Id.

YALE LAW LIBRARY

"the last amount finally determined to be due."[11] The record before us, however, does not reflect plaintiffs' 2005 ad valorem tax liability for the property at issue. Plaintiffs asserted that they made payment of the 2006 temporary tax bills presented by the tax commissioner, but this did not show that they paid the amount of their 2005 tax liability; and it is the 2005 amount which would have maintained jurisdiction in the superior court under OCGA § 48-5-29 (a). Nor did the affidavit presented by the Board show the amount of plaintiffs' 2005 tax liability, because the tax commissioner testified only to the 2006 taxes owed by plaintiffs. The record does not include any documents supporting this affidavit, nor did the tax commissioner explain how the 2006 tax liability was determined.

Although "[t]here is a presumption that the judgment below was correct, and the appellant has the burden in asserting error to show it by the record,"[12] the trial court's order was based on the fact that plaintiffs had not paid the amounts required under OCGA § 48-5-29 (a) *before* the appeal was filed in superior court. However, plaintiffs' failure to pay the amount required by this Code section before filing the appeal raised a jurisdictional defect which was capable of cure by payment at any time before entry of the order of dismissal.[13] Because the trial court did not address itself to whether the amounts paid by plaintiffs were sufficient to cure the jurisdictional defect, we remand for further proceedings in the trial court. The record reflects that plaintiffs paid a total of $64,924.27 for 2006 ad valorem taxes on the property at issue ($64,281.46 plus $642.81). If this amount equaled or exceeded the 2005 ad valorem taxes assessed on the property, the trial court has jurisdiction to hear plaintiffs' appeal. However, if the amounts paid by plaintiffs for 2006 were less than the ad valorem tax due in 2005, then the court is without jurisdiction, and this defect can no longer be cured.[14]

*Judgment vacated and case remanded. Johnson, P. J., and Ellington, J., concur.*

DECIDED JULY 6, 2009 —

*Smith, Welch & Brittain, William A. White, Shawn T. Richardson*, for appellants.

---

[11] *Lott Investment Corp.*, supra.

[12] (Citation omitted.) *Ga. Power Co. v. Harrison*, 253 Ga. 212, 216 (4) (318 SE2d 306) (1984).

[13] See *McCauley*, supra.

[14] Compare *Allright Parking of Ga. v. Joint City-County Bd. of Tax Assessors &c.*, 244 Ga. 378, 383-384 (2) (260 SE2d 315) (1979) (interpreting Ga. Code Ann. § 92-6413) (trial court erroneously dismissed complaint for lack of jurisdiction where defect cured before filing of motion to dismiss).

*Power, Cooper & Jaugstetter, Patrick D. Jaugstetter, LaTonya N. Wiley*, for appellee.