A10A0271. COFFMAN GRADING COMPANY, INC. et al.
v. FORSYTH COUNTY et al.
(695 SE2d 310)

MIKELL, Judge.

Coffman Grading Company, Inc., and Coffman Equipment Leasing, LLC (collectively, the "taxpayers"), appeal from the trial court's order denying their motion for an interlocutory injunction, in which they sought to prohibit the Tax Commissioner of Forsyth County (the "Commissioner") from collecting upon tax fi. fas. issued against their personal property based on their failure to pay disputed ad valorem property taxes.[1] Although the trial court correctly held that the taxpayers must pay certain taxes pursuant to OCGA § 48-5-29 (a) in order to maintain their action, the court did not properly determine the amount they owe. We therefore vacate the trial court's order and remand the case with instructions. The relevant facts follow.

---

[1] The grant or denial of a motion for an interlocutory injunction is directly appealable. OCGA § 5-6-34 (a) (4). See *Inserection, A Fantasy Store v. City of Marietta*, 278 Ga. 170-171 (598 SE2d 452) (2004).

According to the complaint, the Forsyth County Board of Tax Assessors (the "Board") sent multiple change of assessment notices to the taxpayers in June and July 2008 regarding the value of their machinery and equipment for ad valorem tax purposes for the tax years 2003 through 2008.[2] On June 25, 2009, the taxpayers filed an action seeking a declaratory judgment, injunctive relief, and a writ of mandamus, contending that the Board sent the change of assessment notices to an improper address,[3] so that the taxpayers did not receive the notices until after the 45-day period in which to appeal them had expired.[4] The taxpayers alleged that the Board violated their due process rights to appeal their assessed property values. The trial court issued a temporary restraining order ("TRO") prohibiting the Commissioner from collecting upon tax fi. fas. issued against the taxpayers' personal property and set the matter for a hearing on their motion for an interlocutory injunction.

On the date of the hearing, the defendants, which include the Board, the Board members in their official capacity, the Commissioner, and Forsyth County, filed a motion to dismiss the complaint for lack of subject matter jurisdiction based in part on OCGA § 48-5-29 (a), which provides:

> Before the superior court has jurisdiction to entertain any civil action, appeal, or affidavit of illegality filed under this title by any aggrieved taxpayer concerning liability for ad valorem property taxes, taxability of property for ad valorem property taxes, valuation of property for ad valorem taxes, or uniformity of assessments for ad valorem property taxes, the taxpayer shall pay the amount of ad valorem property taxes assessed against the property at issue for the last year for which taxes were finally determined to be due on the property.

The defendants argued that the taxpayers had not paid any ad valorem taxes for the years 2004-2008, so that the trial court could not entertain their action.[5] In support of the motion to dismiss, the

---

[2] It does not appear from the parties' briefs or the trial court's order that 2003 remains in issue. Consequently, we presume that the disputed tax liability is based on the years 2004-2008.

[3] A county board of tax assessors must send written notice to the taxpayer when it makes changes to a property tax return, and the board is permitted to send the notice by first-class mail to the taxpayer's last known address. OCGA § 48-5-306 (a).

[4] In order to initiate an appeal, the taxpayer must file a notice of appeal with the county board of tax assessors within 45 days of the date the notice of reassessment was mailed to it. OCGA § 48-5-311 (e) (2) (A).

[5] Alternatively, the defendants argued that the court lacked jurisdiction because the

defendants submitted an affidavit showing that, as of July 8, 2009, the taxpayers owed a combined total of $174,466.75 for the tax years 2004-2008. Copies of the past due property tax bills were attached to the affidavit.

The trial court declined to allow the taxpayers to present evidence at the hearing. The court issued an order finding that because the taxpayers admitted in their complaint that they had not fully paid all of their ad valorem taxes for the years 2004-2008, the court lacked jurisdiction to issue an interlocutory injunction.[6] This appeal followed.[7]

1. The taxpayers first assert that the trial court erred in ruling that it lacked subject matter jurisdiction to hear their request for injunctive relief due to their failure to comply with OCGA § 48-5-29 (a). Specifically, they allege that the statute does not apply because their action does not concern the matters enumerated therein: tax liability, taxability of property, valuation of property, or uniformity of assessments for ad valorem property taxes. Rather, the taxpayers characterize their action as a due process case, arguing that if they are denied the right to initiate an appeal, their property will be taken without due process of law, in violation of their constitutional right to due process of law.[8] The taxpayers contend that the statute only applies to appeals filed in the superior court from decisions of county boards of equalization or arbitrators[9] or from adverse decisions in actions for refunds.[10]

The taxpayers' arguments fail for several reasons. First, they construe OCGA § 48-5-29 (a) too narrowly. "[T]he 'golden rule' of statutory construction . . . requires us to follow the literal language of the statute unless it produces contradiction, absurdity or such an

---

taxpayers had failed to exhaust their administrative remedies. See *Chatham County Bd. of Assessors v. Jepson*, 261 Ga. App. 771, 772 (1) (584 SE2d 22) (2003) (whole court). The trial court did not rule on this issue, however, and we decline to address it on appeal.

[6] The court granted the motion to dismiss only as to the TRO and the interlocutory injunction, leaving the remainder of the action pending.

[7] We granted the taxpayers' application for interlocutory appeal on July 28, 2009. Our order enjoined the defendants from collecting upon the disputed tax fi. fas. during the pendency of this appeal. On August 19, the trial court issued an order requiring the taxpayers to post a supersedeas bond in the amount of $135,000. The taxpayers state in their appellate brief that they have not posted this bond due to financial inability. The failure to post bond does not affect our consideration of this appeal. *The Old Stone Company I v. Hughes*, 284 Ga. 259, 260 (1) (663 SE2d 687) (2008). Nevertheless, this Court's injunction prohibiting the defendants' tax collection efforts remains in effect only until the issuance of the remittitur to the trial court. See, e.g., *Holmes v. Achor Center*, 242 Ga. App. 887, 890 (1) (531 SE2d 773) (2000).

[8] See Ga. Const. Art. I, Sec. I, Par. I ("No person shall be deprived of life, liberty, or property except by due process of law.").

[9] See OCGA § 48-5-311 (g).

[10] See OCGA § 48-5-380 (c).

inconvenience as to insure that the legislature meant something else."[11] The statute at hand is not limited to appeals; it expressly applies to "any civil action" filed under OCGA Title 48, the Georgia Public Revenue Code, by any aggrieved taxpayer concerning the categories of cases listed therein.

Second, we reject the taxpayers' argument that the statute does not apply to their action because they did not file it under Title 48. It is a fundamental principle of law that "[n]omenclature notwithstanding, the substance of a claim must be considered, and a party cannot do indirectly what the law does not allow to be done directly."[12] In their complaint, the taxpayers alleged, inter alia, that the Board failed to comply with the notice provisions of OCGA §§ 48-5-306 (a) and 48-5-311 (e) (2) (A) and thereby "acted arbitrarily and capriciously in seeking to deny [taxpayers] their respective rights to appeal the appraised and assessed property values upon which their County ad valorem tax bills" are based. The taxpayers seek a declaration granting them 45 days in which to appeal those values; an injunction prohibiting the Commissioner from seizing their machinery and equipment in order to collect the tax owed; and a writ of mandamus compelling the Board to grant them the right to appeal.

> Those who seek the aid of a court of equity to restrain and enjoin the taxing authorities of a county from collecting or attempting to collect taxes alleged to have been illegally assessed against the property of the petitioners, and alleging in their petition, and thus admitting thereby, that they owe some taxes for the year in question, must show that they have tendered and offered to pay the amount of taxes in fact due in order to obtain the relief sought.[13]

The taxpayers' argument that the complaint does not concern tax liability, taxability of property, valuation of property, or uniformity of assessments is not persuasive. The complaint is squarely aimed at challenging their ad valorem property tax assessments for the years 2004-2008. We thus hold that the taxpayers cannot circumvent the requirement of OCGA § 48-5-29 (a) by characterizing their complaint as a constitutional "due process" action rather than one

---

[11] (Citation and punctuation omitted.) *Telecom*USA v. Collins*, 260 Ga. 362, 363-364 (1) (393 SE2d 235) (1990); accord *Buckler v. DeKalb County Bd. of Tax Assessors*, 288 Ga. App. 332, 333 (654 SE2d 184) (2007).

[12] (Citation and footnote omitted.) *Jordan v. Bd. of Public Safety*, 253 Ga. App. 339, 343 (2) (559 SE2d 94) (2002). Accord *Richmond County v. McElmurray*, 223 Ga. 440, 443 (1) (156 SE2d 53) (1967).

[13] (Citations omitted.) *Freeman v. Keaton*, 223 Ga. 505 (1) (156 SE2d 347) (1967).

arising under the Revenue Code.[14] "Taxes, under our law, are the highest lien. The authority levying them can not be postponed to the end of a long litigation before demanding the taxes due it, but is entitled to have the taxes paid as they become due."[15]

Contrary to the taxpayers' assertion, *Callaway v. Carswell*[16] does not mandate a contrary result. In *Callaway*, our Supreme Court ruled that the taxpayers did not have to comply with the predecessor to OCGA § 48-5-29 (a)[17] in order to maintain a mandamus action to compel the board of tax assessors to enter into class arbitration with them concerning their property tax assessments.[18] The Court reasoned that the outcome of the case "would not determine tax liability, taxability of property, valuation of property, or uniformity of assessments for ad valorem property taxes. It would merely determine whether the taxpayers could have class arbitration."[19] Significantly, however, the Court noted that, based on a special law applicable to the Joint City of Atlanta-Fulton County Board of Tax Assessors, "the pending arbitration would not prevent the collection of taxes when the taxes became due, to be paid on the assessed valuation of the property determined for the prior tax year."[20]

Shortly after *Callaway*, the Supreme Court ruled in *North by Northwest Civic Assn. v. Cates*[21] that the special law permitting the collection of taxes when due had been superceded by the predecessor to OCGA § 48-5-29 (a), and it affirmed the dismissal of a class action complaint against Joint City of Atlanta-Fulton County Board of Tax Assessors because the plaintiffs failed to comply with the statute.[22]

The circumstances of the case at bar differ from *Callaway*. There, the Court was persuaded by the law that permitted the collection of taxes as they became due. Additionally, the Court ruled that arbitrators lacked the authority to decide a constitutional question; namely, "whether Fulton County acted in a constitutional manner in reassessing these taxpayers' property and imposing upon

---

[14] See *Telecom\*USA*, supra at 368 (4) (public utilities could not circumvent procedures of OCGA § 48-2-18 by joining all of the counties as defendants in appeal before Fulton County Superior Court); *Kingsmill Village Condo. Assn. v. Homebanc Fed. Sav. Bank*, 204 Ga. App. 900, 902 (2) (420 SE2d 771) (1992) (appellant could not sidestep dictates of OCGA § 44-3-80 (f) by characterizing requested payments as something other than condominium assessments).

[15] (Punctuation omitted.) *First Nat. Bank of Atlanta v. Blum*, 141 Ga. App. 485, 488 (1) (233 SE2d 835) (1977) (construing Ga. L. 1974, pp. 2489, 2490), citing *Ferris v. Van Ingen & Co.*, 110 Ga. 102, 119 (8) (35 SE 347) (1900).

[16] 240 Ga. 579 (242 SE2d 103) (1978).

[17] Ga. Code Ann. § 92-6413 (Ga. L. 1976, pp. 1154-1155).

[18] *Callaway*, supra at 581 (1).

[19] (Citations omitted.) Id.

[20] Id., citing Ga. L. 1974, pp. 2489, 2490.

[21] 241 Ga. 39 (243 SE2d 32) (1978).

[22] Id. at 41-42 (1).

them . . . new valuations without reassessing the properties of all the taxpayers in the county."[23] Here, the question at issue is whether the Board sent the taxpayers notices of assessment to a proper address, as required by OCGA § 48-5-306 (a). This question does not exceed the authority of the county board of equalization.[24] *Callaway* is thus distinguishable, and the trial court did not err in ruling that the taxpayers were required to comply with OCGA § 48-5-29 (a).

2. The trial court did err, however, in failing to hold an evidentiary hearing to determine the amount due. OCGA § 48-5-29 (a) requires the taxpayer to pay "the amount of ad valorem property taxes assessed against the property at issue for the last year for which taxes were finally determined to be due on the property." The taxpayers challenge the ad valorem taxes on the property for the tax years 2004 through 2008. Therefore, "the last year for which taxes were finally determined to be due" in this case is 2003. Accordingly, in order for the trial court to entertain the action, the taxpayers must pay an amount equal to the 2003 ad valorem taxes on the property,[25] for each of the challenged years, less the value of any property already seized by the defendants, as determined at the hearing on the supersedeas bond. The amount due for 2003 does not appear in the record before us, as it was not established at the hearing on the supersedeas bond.

3. We further hold that, at the evidentiary hearing, the trial court must determine whether the challenged notices sent by the Board complied with OCGA § 48-5-306 (a).[26] If the trial court finds that the notice was insufficient, the court shall give the taxpayers 45 days from the date of the entry of its order in which to effect an appeal of the disputed assessments.[27]

*Judgment vacated and case remanded. Smith, P. J., and Adams, J., concur.*

DECIDED APRIL 28, 2010.

*Troutman Sanders, Sean P. Dailey*, for appellants.

---

[23] (Citations omitted.) *Callaway*, supra at 583 (2).

[24] See *Jepson*, supra; see also *Hooten v. Thomas*, 297 Ga. App. 487, 491-492 (677 SE2d 670) (2009) (claim that taxpayers were prevented from exercising their right to appeal to arbitration could have been raised in administrative proceedings).

[25] See *Lake Erma, LLC v. Henry County Bd. of Tax Assessors*, 298 Ga. App. 733, 734-735 (681 SE2d 188) (2009).

[26] See *Dillard v. Denson*, 243 Ga. App. 458, 459-460 (533 SE2d 101) (2000) (sufficiency of notice properly addressed in superior court on appeal from administrative decision).

[27] See OCGA § 48-5-311 (e) (2) (A).

*Jarrard & Davis, Christopher J. Hamilton,* for appellees.