## S89A0192. MEYER VON BREMEN v.
## GEORGIA STATE BOARD OF ARCHITECTS.
(389 SE2d 213)

BELL, Justice.

The appellant, Mike V. Meyer von Bremen, prepared plans for certain office buildings in Albany, Georgia. The appellee, the Georgia State Board of Architects, determined that by preparing the plans appellant was engaged in the unregistered practice of architecture, and ordered him to cease and desist. Appellant petitioned for judicial review, but the superior court affirmed. We granted discretionary re-

view.

Under OCGA § 43-4-17.1, appellee is authorized to issue a "cease and desist" order to any person whom appellee determines is violating OCGA § 43-4-17, and to impose a civil fine if the person violates the order to cease and desist. OCGA § 43-4-17 provides that any person who practices architecture without complying with Chapter 4 of Article 43 shall be guilty of a misdemeanor.

Article 43, Chapter 4, prohibits the practice of architecture by persons who are not registered by appellee as architects. OCGA §§ 43-4-10; 43-4-14. The term "practice of architecture" is defined by OCGA § 43-4-1 (3) for the purposes of Art. 43, Ch. 4, as

> the rendering or offering to render services in connection with the design of any building or group of buildings or the design of alterations or additions thereto. Such services shall include consultation, planning, analyses, preliminary studies, designs, drawings and specifications, architectural administration of construction contracts, and any other function in connection with such services.

The term "building," as used in § 43-4-1 (3) and elsewhere in Art. 43, Ch. 4, means

> any structure consisting of foundation, floors, walls, columns, girders, beams, and roof or a combination of any of these parts, with or without other parts or appurtenances. [OCGA § 43-4-1 (2).]

OCGA § 43-4-14 establishes certain exceptions to the requirement that anyone engaged in the practice of architecture be registered as an architect. One of the exceptions is as follows:

> No person shall be required to register as an architect in order to make plans and specifications for or supervise the erection, enlargement, or alteration of [certain types of buildings not applicable to this case] or of any other type building costing less than $100,000 (except [certain types of buildings not applicable to this case]).

1. Appellant contends that the exception for buildings costing less than $100,000 is unconstitutionally vague, in that § 43-4-14 does not indicate whether the term "building" means a building without features added by other persons. Appellant contends that he prepared plans only for foundations, floors, exterior walls, and roofs, without interior features such as walls, heating, and air conditioning. He argues that if "building" means only that part of the building that he

personally designed, then he qualified for the less-than- $100,000 exception of § 43-4-14, because the part he designed cost less than $100,000 for each building.

We disagree. The evidence presented to appellee's hearing officer and the findings and conclusions by the hearing officer (which were adopted by appellee) are unclear on the question whether the parts of each building appellant designed cost less than $100,000. However, assuming without deciding that the evidence presented to the hearing officer supports appellant's factual contention, we conclude that the meaning of the term "building" is not unclear. Although § 43-4-14 refers only to "any other type building costing less than $100,000," § 43-4-1 (2) explains that a "building" is "any structure consisting of foundation, floors, walls, columns, girders, beams, and roof or a combination of any of these parts, *with or without other parts or appurtenances.*" (Emphasis supplied.) We hold that the language "with or without other parts or appurtenances" was sufficiently clear to notify appellant that, for purposes of § 43-4-14, the cost of a building for which he designed only the foundation, floor, exterior walls, and roof would also include the cost of such interior parts and appurtenances as would be reasonably necessary for the building to become functional for the purposes for which it was designed.

2. Appellant further contends that the exception for buildings costing less than $100,000 is unconstitutionally vague, in that § 43-4-14 does not indicate whether the "cost" of a building is to be determined as of the date the building is designed. Appellant argues that the initial cost of the buildings he assisted in designing was later increased by several causes, including inflation.

This enumeration has no merit. All of the buildings in question cost more than $100,000 when appellant participated in designing them, and he therefore is not in a position to attack the alleged deficiency in § 43-4-14. *Lott Investment Corp. v. Gerbing,* 242 Ga. 90, 92 (249 SE2d 561) (1978).

3. There is a rational relationship between the cost of a building and the stated purpose of § 43-4-14 "to safeguard life and property."

4. Under the facts of this case, the application of § 43-4-17.1 to appellant does not violate constitutional and statutory prohibitions against retroactive laws.

5. Appellant has not established that he has been denied equal protection.

*Judgment affirmed. All the Justices concur, except Smith, P. J., who dissents, and Hunt, J., not participating.*

Decided March 1, 1990 —
Reconsideration denied March 28, 1990.

*Michael S. Meyer von Bremen,* for Michael V. Meyer von Bremen.

*Michael J. Bowers, Attorney General, Janet M. Bolt, Assistant Attorney General,* for appellee.