## ROBERTSON *v.* RIGSBY *et al.*

1. Upon the trial of a cause in equity the judge may of his own motion propound questions to the jury covering the issues of fact in the case and have the jury make a special verdict in response to the questions. The questions submitted in this case apparently cover the controlling issue, under the pleadings and stipulations of counsel made during the trial.
2. Evidence to authorize a decree reforming a written instrument must be clear, unequivocal, and decisive. But in the present case, in view of the single issue that was submitted in conformity with the stipulations made by counsel, the court did not err, as against the defendant (plaintiff in error), in charging that the plaintiffs were required to establish their case by a preponderance of the evidence.

No. 651. MAY 14, 1918.

Equitable petition. Before Judge Tarver. Catoosa superior court. September 8, 1917.

*W. E. Mann,* for plaintiff in error. *McClure & McClure,* contra.

BECK, P. J. Rigsby and others brought a petition against Robertson, praying for a decree reforming a deed in which Robertson was the grantor and Rigsby the grantee. Upon the trial the jury, under instructions of the court, returned a special verdict in answer to two questions submitted to them; and the court thereupon granted a decree that the deed be reformed as prayed. The defendant made a motion for a new trial, which was overruled, and he excepted.

1. Rigsby was the holder of a bond for title from Robertson, and subsequently became the grantee in a deed conveying the land described in the bond, with the exception of a small part thereof. Three or four years after the execution of the deed, Rigsby, as he

6

alleged in his petition, discovered that a part of the land described in the bond for title was not included in the description of the land conveyed by the deed. He alleged that he was not aware of this omission and error at the time he received the deed; and he accordingly brought suit for a reformation of the deed, claiming that the omission was through mutual mistake. During the trial, after the introduction of a part of the evidence, the following statements were made in a colloquy between the court and counsel for the defendant: By the court. "As I understand it, the issue is as to whether or not at the time of the reception of the deed from Robertson to Rigsby, by Rigsby, he understood that the description in the deed was different from that in the bond for title. If he did not, he is entitled to specific performance of the contract evidenced by the bond for title. If he did, he is not." By Mr. Mann (counsel for plaintiff in error) : "Yes, sir, that is the sole issue." After the evidence was closed the court charged the jury, and submitted to them in connection with his instructions two questions, viz.: "First. Did the plaintiff, J. D. Rigsby, at the time of the execution of the deed from A. B. Robertson to J. D. Rigsby, understand that the description in the deed was different from that set out in the bond for title?" "Second. Did the plaintiff, J. D. Rigsby, consent, at the time of the execution of the deed from A. B. Robertson to J. D. Rigsby, to accept the same as a compliance with Robertson's bond for title to him, with knowledge that the description of the land conveyed to him by the deed was different from the description in the bond for title from Robertson to him?" The jury answered, "No" to each of these questions; and the court thereupon entered a decree in favor of the plaintiff. In the motion for a new trial error was assigned upon the submission of these questions to the jury, on the ground that they did not submit the real issues to the jury, and excluded all other issues, and "because the verdict of the jury must be for the plaintiff or the defendant, and must cover all the issues in the case." These exceptions are without merit, in view of the stipulation by counsel in response to the query of the court as to what was the real issue in the case. Apparently the questions cover the issue as stated above in the colloquy between the court and counsel; and if they did not completely cover the issues, coun-

sel should have suggested other questions; but no suggestion was made.

This was an equitable petition, and it was competent for the judge upon his own motion to submit questions to the jury covering the issues made, and then to frame a decree in accordance with the special verdict.

2. In another ground of the motion for a new trial error is assigned upon the following charge of the court: "The burden is upon the plaintiffs to establish their contentions by a preponderance of the evidence. What is meant by a preponderance of the evidence is the weight of it. It should be stronger going to show that the contentions of the plaintiffs are correct than it is going to show that the contentions of the defendant are correct. If it be but slightly so, that would be sufficient, but it must preponderate in favor of the plaintiffs to authorize them to recover." The plaintiff in error contends that the rule stated in this charge as to the sufficiency of evidence is not applicable to cases brought for the reformation of deeds. It is true that generally such a charge as the one quoted, in a suit brought for the reformation of a written instrument, would not stand if properly challenged. For, as has been said, equity is very slow in exerting itself to reform alleged mistakes in deeds or other written instruments, and it is not sufficient that there may be some reason to presume a mistake; the evidence must be clear, unequivocal, and decisive. Civil Code, § 4570. See also collection of cases in 11 Michie's Dig. 150, under the head of "Sufficiency of Evidence." But we are of the opinion that, in view of the sole issue involved in this case, the charge affords no ground of complaint to the plaintiff in error. The case was not submitted to the jury generally, and did not involve the establishment of doubtful lines or the inclusion or exclusion of land the description of which was vague or doubtful; but the issue to be determined by the jury was a single and a simple issue of fact, and that is, whether Rigsby "understood that the description in the deed was different from that in the bond for title." This issue of fact relates to some agreement made subsequently to the date of the bond for title. Had there been an agreement made between the parties changing the description in the bond for title? The defendant in this case asserted that there was a change, and that Rigsby at the time of the reception of

the deed understood that there was a change of description. We do not see how he can complain of a charge putting upon Rigsby the burden of showing by a preponderance of evidence that his contention was true, to wit, that he did not understand that the description of the deed was different from that in the bond for title.

None of the other assignments of error are such as to require the grant of a new trial.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*