62760. THORPE et al. v. BENHAM et al.

DEEN, Presiding Judge.

1. The appellant defendants comprise the Joint City-County Board of Tax Assessors of Atlanta-Fulton County and will be referred to as the assessors. In 1974 and 1975 the assessors reappraised three small residential areas within the city limits in the course of which they increased the plaintiff residential landowners' assessment from $49,000 to $69,000 (later reduced to $67,000). These residential areas were far less than 50% of the appellants' geographical jurisdiction or of city residential property, and there was no plan to reappraise other property within the city. The plaintiffs attacked the procedure as void because it consisted of "spot assessments" in violation of certain constitutional equal protection guarantees and the following requirement of (former) Code § 92-6911 (now Code § 91A-1448): "It shall be the duty of the board to see that all taxable property within the county is assessed and returned at its just and fair valuation and that valuations between the individual taxpayers are fairly and justly equalized so that each taxpayer shall pay as near as may be only his proportionate share of taxes." The assessors do not claim that the tax structure as a whole was considered, that there was any attempt to equalize the tax burden throughout the municipality, that there was any plan for an overall reappraisal, or that there were not throughout the city other residential properties at least equally underassessed.

We agree with the plaintiff appellees that piecemeal or spot reappraisals of this sort, following at a later time after a general appraisal of residential property throughout the jurisdiction, which results in a significant increase in taxes without regard to any equalization between taxpayers, is contrary to the statutory mandate and void. Accordingly, the appellants' contention that the judgment should be set aside because the court process was inconsistent with a special statute (Ga. L. 1974, pp. 3607-9) affecting Joint City-County Boards of Tax Assessors in counties of over a designated population is without merit. See also *Boynton v. Lenox Square,* 232 Ga. 456, 461 (207 SE2d 446) (1974). Arbitrators have no jurisdiction to decide the matter at issue, which is "whether Fulton County acted in a constitutional manner in reassessing these taxpayers' property and

imposing upon them new valuations without reassessing the properties of all the taxpayers in the county." *Callaway v. Carswell,* 240 Ga. 579, 583 (242 SE2d 103) (1978).

2. It is further contended that the judgment did not follow the verdict of the jury. Prior to the enactment of Code Chapter 81A, special verdicts merely replying to questions proposed by the court could be utilized only in equity cases. *Davison-Paxon Co. v. Archer,* 91 Ga App. 131 (85 SE2d 182) (1954); *Robertson v. Rigsby,* 148 Ga. 81 (95 SE 973) (1918). Code § 81A-149 now allows the court to require a jury to return special written findings or answers to questions dispositive of question of fact. See also *Weatherspoon v. K-Mart Enterprises,* 149 Ga. App. 424 (4) (254 SE2d 418) (1979). Questions of law still remain solely for resolution by the court.

In the present case the judge, in reply to a demand by the defendants for jury trial, had a jury empanneled, and submitted to them three questions for decision. They responded in the affirmative to the first two: that the 1974 reappraisal and re-evaluation of plaintiffs' property by the defendants was generally limited to residential property in the neighborhoods of Collier Hills, Brookwood Hills and Haynes Manor (three small areas in the City of Atlanta) and that it "was not the result of a meaningful and substantive reappraisal and re-evaluation of all property of the same class within the territorial limits of the authority levying the tax," as required by law. The affirmative answers were correct as the defendants made no contention of any substantial action to the contrary, and the affirmative conclusion was accordingly demanded by the evidence. Upon this basis the judge entered conclusions of law in part as follows: "In this case, the reappraisal and reassessment of some taxpayers including the plaintiffs herein, and the failure to treat other taxpayers in a similar manner, created a situation where the plaintiffs paid more than their proportionate share of taxes."

In so finding, the court necessarily ignored a negative answer returned by the jury to the statement: "The selection of Plaintiffs' property for such reappraisal and re-evaluation, to the exclusion of other property of the same class within the territorial limits of Fulton County in the City of Atlanta, resulted in a disproportionate or nonuniform assessment of taxes on Plaintiffs' property." The statement, however, called for a conclusion of law and not a finding of fact. If, as the evidence overwhelmingly showed, the reappraisals dealt with here included less than half of "all property of the same class within the territorial limits," then as a matter of law the re-evaluations were nonuniform and therefore void. Appellants' contention that the jury response to the third question required a judgment in their favor is without merit. Indeed, appellants' counsel

took the position during the trial that only questions of law were involved. The trial court did not exceed his powers in construing the jury responses to the interrogatories so as to arrive at a reasonable and unambiguous resolution of the case. *Powell v. Moore,* 202 Ga. 62, 66 (42 SE2d 110) (1947).

*Judgment affirmed. Banke J., concurs. Carley, J., concurs in the judgment only.*

DECIDED JANUARY 15, 1982—
REHEARING DENIED JANUARY 29, 1982— ▮▮▮▮▮▮▮

*Harold T. Daniel, Jr.,* for appellants.
*Thomas B. Benham,* for appellees.