NORTHWEST ASSOCIATES & others[1] *vs*. BOARD OF ASSESSORS
OF BURLINGTON.

Suffolk.   April 6, 1984. — August 1, 1984.

Present: HENNESSEY, C.J., WILKINS, LYNCH, & O'CONNOR, JJ.

*Value. Taxation,* Real estate tax: abatement, assessment. *Evidence,* Value.

Where a taxpayer failed to sustain the burden of proof before the Appellate
   Tax Board on his contention that certain parcels of real estate had been
   overvalued for local property tax purposes, this court did not reach the
   question whether the board erred in restricting the scope of cross-exami-
   nation of the assessors' expert witness. [594-595]
Although the Appellate Tax Board correctly refused to declare null and
   void a town's assessment on certain parcels of real estate, based upon
   the taxpayer's claim of disproportionate assessment, the taxpayer was
   entitled, on remand, to bring its claim of disproportionate valuation
   before the board under G. L. c. 59, §§ 59, 64, and 65, and to seek an
   abatement of its tax in accordance with G. L. c. 58A, § 14. [595-596]

APPEAL from a decision of the Appellate Tax Board.

*Nathan T. Wolk* for the taxpayers.

*John M. Lynch* for the Board of Assessors of Burlington.

LYNCH, J. Northwest Associates (Northwest) appeals from
a decision of the Appellate Tax Board (board) denying its
request for real estate tax abatements for fiscal years 1979,
1980, and 1981, from assessments by the Board of Assessors
of Burlington (assessors), on the Northwest Industrial Park in
Burlington. Northwest argues that (1) the board erred in failing
to allow it to inquire, on cross-examination of the assessors'
expert witness, as to the rentals and lease terms on certain
properties which the expert had stated were of comparable
value to Northwest's properties; and (2) the board was in error
in ruling that it had no jurisdiction to declare the tax for the

---

[1] Various nominee trusts.

year 1981 null and void because of discriminatory assessment. There was no material error in these respects, but we remand the case to the board for further findings on the issue of disproportionate assessment.

There is no need to answer the first of these two contentions, since the board properly concluded that Northwest failed to sustain its burden of proof on the issue of overvaluation. "Until the taxpayer sustains his burden, the valuation made by the assessors will be presumed valid." *Foxboro Assocs.* v. *Assessors of Foxborough,* 385 Mass. 679, 684 (1982); *Schlaiker* v. *Assessors of Great Barrington,* 365 Mass. 243, 245 (1974).

There are three generally accepted methods for estimating the fair market value of real estate: (a) the depreciated reproduction cost method, which estimates value by taking construction costs less depreciation over time; (b) the comparable sales method, which relies on data of sales of comparable properties; and (c) the income capitalization approach, which is based on an estimate of the earnings the property will generate in the future. *Correia* v. *New Bedford Redevelopment Auth.,* 375 Mass. 360, 362 (1978). Northwest's expert relied solely on the income capitalization method of valuation, an approach which the board found to be flawed in this case.

Only rents on properties within the park were used in his analysis, so no account was taken of the possibility that rents on competitive properties outside the park would be higher. The board found this to be a serious omission, since most of the leases in the park would "roll over" during the next few years, and at that time they would presumably be adjusted to market rates. On the evidence presented, the board concluded that contract rents within the park were not a fair approximation of market rents, and therefore not determinative of fair market value of the properties involved.

The board noted that, although the two alternative approaches to valuation would have produced additional evidence of fair market value, they were not utilized by the taxpayer's expert. Despite the fact that there were a number of new buildings in the park, the depreciated reproduction cost method (which would clearly be of interest in assessing the value of new

construction) was not used, *Blakeley* v. *Assessors of Boston,* 391 Mass. 473, 477 (1984); similarly, while data on sales of comparable properties would have given a sense of whether rents within the park were equivalent to market rents, such information was not presented. The board "is not required to adopt any particular method of valuation that may have been urged by appellant's expert witnesses," *New Boston Garden Corp.* v. *Assessors of Boston,* 383 Mass. 456, 469 (1981), and in the instant case, "the board had objectively adequate reasons for disregarding the opinion of value offered by the taxpayer as evidence 'substantially lacking in probative force.'" *Foxboro Assocs., supra* at 683. *Assessors of Lynnfield* v. *New England Oyster House, Inc.,* 362 Mass. 696, 701-702 (1972). *Assessors of Nahant* v. *Costin,* 356 Mass. 726, 726 (1969). Regardless whether the board's limiting the scope of cross-examination was proper, this was at most harmless error due to Northwest's failure to meet its burden of proof on the issue of overvaluation.

Northwest also argued before the board that certain parcels of real estate within the park were discriminatorily assessed in 1981, since their assessments were increased at a time when there was no town-wide revaluation. Northwest sought to have its tax for 1981 declared null and void on account of this alleged discrimination.[2] The board refused, stating that it had no jurisdiction to hear the matter and that it had no authority to order such a remedy. The "extraordinary and drastic" equitable remedy of declaring a town's tax assessment null and void is clearly not warranted for a simple claim of disproportionate assessment. *Tregor* v. *Assessors of Boston,* 377 Mass.

---

[2] Northwest also filed a reply brief in which it made allegations that the disproportionate assessment was due to various "invidious, illegal" acts by the assessors, with the "intent and primary objective" to "injure or destroy" Northwest. These and similar allegations run throughout Northwest's reply brief; we could find no support in the record for these statements and Northwest's reply brief contains no citation to the record in support of them. Therefore, in accordance with Mass. R. A. P. 16 (e), as amended, 378 Mass. 940 (1979), we grant the motion of the assessors to strike Northwest's reply brief.

602, 606 (1979). *Shoppers' World, Inc.* v. *Assessors of Framingham,* 348 Mass. 366, 376-377 (1965). However, Northwest had a right to bring its claim of a disproportionate valuation before the board under the statutory framework set out in G. L. c. 59, §§ 59, 64 and 65. Under G. L. c. 58A, § 14, the board is required to "compute an equalized tax rate when it finds that a taxpayer is assessed disproportionately with respect to other properties within a municipality." *Assessors of Danvers* v. *Tenneco, Inc.,* 388 Mass. 739, 742 (1983). *Keniston* v. *Assessors of Boston,* 380 Mass. 888, 891-892 (1980). Here, the assessors concede that this property was disproportionately assessed and the parties have stipulated to the ratio of disproportionality. Under these circumstances the board should have determined the amount of the abatement due the taxpayer. We therefore remand this case to the board for such a determination.

*So ordered.*