## A97A0931. DADE COUNTY et al. v. ELDRIDGE.
(494 SE2d 106)

POPE, Presiding Judge.

In 1991, a mass appraisal of all the residential property in Dade County, Georgia was conducted. During that appraisal, Janice Eldridge's property was assessed at $221,500. In 1995, Dade County's Chief Appraiser, Diane Burnette, reassessed Eldridge's property at $340,430, which resulted in a significant increase in the taxes on the property. Eldridge appealed the reassessment to the Dade County Board of Tax Assessors, who voted to turn the matter over to the Board of Tax Equalization, which in turn affirmed the reassessment. Subsequently, Eldridge appealed the Board of Equalization's ruling to the superior court. Thereafter, Eldridge filed a summary judgment motion, which the superior court granted. Dade County and both the Board of Tax Assessors and the Board of Equalization appeal. Concluding that summary judgment was proper, we affirm.

In this State, a key tenet of property tax law is that all taxes must be fairly apportioned, or equalized, among taxpayers. In this regard, OCGA § 48-5-306 (a) provides that: "The board [of tax assessors] shall see that all taxable property within the county is assessed and returned at its fair market value and that fair market values as between individual taxpayers are fairly and justly equalized so that each taxpayer shall pay as nearly as possible only his proportionate share of taxes." In accordance with the above, the tax assessor must use the same standard or system to determine and fix the taxable value of all property of the same class so that the taxation of all property within that class will be uniform. See *Champion Papers v. Williams*, 221 Ga. 345 (144 SE2d 514) (1965); *Colvard v. Ridley*, 218 Ga. 490 (128 SE2d 732) (1962). Accordingly, it is illegal for a taxing authority simply to pick and choose particular pieces of property to assess and reassess without regard to uniformity, proportionality and equalization among properties of the same class.

In this case, the record shows that while riding through the county, Burnette came across Eldridge's property and, in looking at Eldridge's house, concluded that the house had been wrongly assessed. The only evidence as to how Burnette originally arrived at

this conclusion is found in her statement that she did not believe she could buy the house for its 1991 assessed value. And while Burnette, Dade County and both Boards contend that the reassessment of Eldridge's property was part of a continuing review process of all property within the county, they presented no substantive evidence to support such a proposition in response to Eldridge's claim that her property had been subjected to piecemeal or spot reappraisal. They also failed to present specific evidence sufficient to support the contention that mistakes were made in assessing Eldridge's property in 1991. Additionally, there is no evidence of record of any specific property within Dade County receiving treatment similar to that given Eldridge's property. Nor is there substantive evidence that any comparison ever was made between Eldridge's property and similar properties in determining whether a reassessment was appropriate or what any such reassessment should be.

In light of the above, we agree with the superior court's determination that there was no issue of fact regarding Eldridge's claim that the reappraisal of her property was no more than a piecemeal or spot reappraisal without any apparent regard to uniformity and equalization between taxpayers with like properties. "[P]iecemeal or spot reappraisals of this sort, following at a later time after a general appraisal of residential property throughout the jurisdiction, which result[ ] in a significant increase in taxes without [apparent] regard to any equalization between taxpayers, [are] contrary to the statutory [law of this State] and void." *Thorpe v. Benham*, 161 Ga. App. 116 (1) (289 SE2d 275) (1982). Consequently, we hold that the superior court's grant of summary judgment to Eldridge in this case was proper.

*Judgment affirmed. Blackburn, J., and Senior Appellate Judge Harold R. Banke concur.*

Decided November 17, 1997.

*Herbert E. Franklin, Jr., District Attorney*, for appellants.
*Samples, Jennings & Pineda, Michael S. Pineda*, for appellee.