A97A1450. COLEMAN et al. v. MONTGOMERY COUNTY.
(491 SE2d 495)

RUFFIN, Judge.

W. L. Coleman and Three Rivers Estates, Inc. ("Coleman") owned property in Montgomery County, Georgia, near the point where the confluence of the Ocmulgee and Oconee Rivers creates the Altamaha

River. In 1995, Coleman filed suit against Montgomery County and, pursuant to OCGA § 48-5-380, sought a refund of property taxes paid on this property in 1990, 1991, 1992, and 1993. The trial court granted summary judgment to the County, finding Coleman's complaint did not state a cause of action under the statute. Coleman appeals, and we affirm.

In *Gwinnett County v. Gwinnett I Ltd. Partnership*, 265 Ga. 645 (458 SE2d 632) (1995), the Supreme Court held that a taxpayer cannot sue for a refund pursuant to OCGA § 48-5-380 unless the taxpayer can show the tax was " 'erroneously or illegally assessed and collected' " by demonstrating that "the assessment [was] based on matters of fact in the record which are inaccurate, or that the assessment was reached by the use of illegal procedures." Id. at 647. The Court held that an action under the statute is not available where the taxpayer claims "mere dissatisfaction with an assessment, or [makes] an assertion that the assessors, although using correct procedures, did not take into account matters which the taxpayer believes should have been considered (e.g., different comparable sales for the purpose of establishing value)." Id.

The trial court found Coleman had presented no evidence to support the necessary allegations. We review the trial court's judgment under the standards set forth in *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991) to determine whether the evidence, construed in Coleman's favor, shows that any issue of fact remains as to whether Montgomery County used improper procedures to tax the property or based its assessment on inaccurate facts. *Gwinnett County*, supra. "A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. [Cit.]" *Lau's Corp.*, supra at 491.

We find no error in the trial court's ruling. Coleman contends that this property was appraised at an erroneously high value, especially compared to surrounding property, and attributes the discrepancy in value to the County's failure to follow proper valuation procedures. However, the only evidence showing the procedures employed to value the property and the facts used to appraise it are the deposition and affidavit of Lawrence McCall, Montgomery County's chief tax appraiser. McCall testified that he did not know what procedures or facts were used to value the property in 1990 and 1991, as he simply relied on values established by the previous tax assessor. Accord-

ing to his review of the tax records, that land was "assessed at 40 [percent] of fair market value as required by law." The 1992 values, he stated, were determined pursuant to "a reevaluation conducted by an independent contractor" from Mississippi. The County then assessed this property at 40 percent of its value. Although McCall did not specifically state what facts or procedures were used in making these appraisals, tax assessors, like all public officials, are presumed to perform their duties lawfully and in good faith unless proven otherwise. *Richmond County Hosp. Auth. v. Richmond County*, 255 Ga. 183, 192 (2) (c) (336 SE2d 562) (1985); see OCGA §§ 48-5-293; 48-5-299 (outlining duties of tax assessors).

Coleman alleges a question of fact is created by McCall's admission that he simply relied on his predecessors' appraisals. However, nothing in the record shows those appraisals were done erroneously or illegally. See *Richmond County*, supra. As the court specifically held in *Gwinnett County*, McCall's failure to compare Coleman's property with a nearby property similarly does not create an issue of fact. Id. at 647. The record simply does not support Coleman's assertions that the County did not consider "existing use" when assessing the property's value. Despite Coleman's arguments, there is no evidence in the record that Montgomery County did not value the property at its fair market value, pursuant to OCGA § 48-5-2. Coleman argues the difference in appraised tax value between this property and adjoining tracts shows the County made an error or used an improper procedure. We do not find this assertion to be a reasonable inference from the evidence presented. Because Coleman has pointed to no evidence showing this property was illegally or erroneously assessed, the trial court properly granted summary judgment to the County.

*Judgment affirmed. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED AUGUST 27, 1997.

*M. Francis Stubbs*, for appellants.
*Johnson & Montgomery, Albert S. Johnson*, for appellee.