A02A1824. MORRISON et al. v. COBB COUNTY BOARD OF TAX ASSESSORS.
A02A1825. McGEE v. COBB COUNTY BOARD OF TAX ASSESSORS.
(574 SE2d 888)

ANDREWS, Presiding Judge.

After successfully appealing to the superior court from decisions of the board of equalization on the assessed value of their real property,[1] Robert and Shirley Morrison and Elizabeth McGee moved to

---

[1] We affirmed the decisions of the superior court reversing the board of equalization in *Cobb County Bd. of Tax Assessors v. Morrison*, 249 Ga. App. 691 (548 SE2d 624) (2001), and in our unpublished opinion in *Cobb County Bd. of Tax Assessors v. McGee*, 249 Ga. App. XXVI (2001).

recover costs of litigation and attorney fees pursuant to OCGA § 48-5-311 (g) (4) (B) (ii). They brought these separate appeals from the denial of their motions. Because these appeals present identical issues, they are consolidated for consideration in this opinion. We conclude the trial court correctly denied the motions because the Morrisons and McGee commenced proceedings to appeal from the property assessments in 1999 under the former version of § 48-5-311, and the revised statutory provisions of § 48-5-311 under which they sought to recover costs and expenses applied only to assessments and appeal proceedings commenced on or after January 1, 2000.

OCGA § 48-5-311 (g) (4) (B) (ii), which provides for recovery under certain circumstances of costs of litigation and attorney fees incurred in appeals to the superior court from the board of equalization, was enacted as part of § 3 of Ga. L. 1999, pp. 1043, 1049, amending Chapter 5 of Title 48 relating to ad valorem taxation of property. Prior to the amendment, there was no statutory provision for recovery of costs or fees. The uncodified § 4 of the 1999 amending Act provides that "[t]his Act shall become effective on January 1, 2000, and shall be applicable to all assessments and proceedings commenced on or after that date." Ga. L. 1999, p. 1062. The Morrisons and McGee were notified of the assessments at issue in 1999 pursuant to former OCGA § 48-5-306 and filed notices of appeal to the board of equalization in 1999 pursuant to former OCGA § 48-5-311 (e). After the board of equalization upheld the assessments, the Morrisons and McGee filed notices of appeal to the superior court pursuant to former § 48-5-311 (g), which were filed after January 1, 2000.

The Morrisons and McGee contend that, because they filed notices of appeal to the superior court after the January 1, 2000 effective date of the revised statute, the revised statute applies to the appeal proceedings commenced in the superior court and they are entitled to recover the expenses of litigation and attorney fees incurred in the superior court under revised OCGA § 48-5-311 (g) (4) (B) (ii). We disagree. Section 4 of the 1999 Act creating the revised statute plainly states that the Act shall be applicable only to "assessments and proceedings commenced on or after" January 1, 2000. The Morrisons and McGee commenced proceedings to appeal from the assessments when they filed notices of appeal to the board of equalization in 1999 pursuant to former § 48-5-311 (e). The appeal to the superior court pursuant to § 48-5-311 (g) after January 1, 2000, was the continuation of the appeal proceedings commenced under the former statute, not the commencement of new proceedings under the revised statute.

The trial court correctly concluded that the revised statute taking effect on January 1, 2000, including the provisions for recovery of costs of litigation and attorney fees, did not apply to the assessments

and appeals therefrom commenced by the Morrisons and McGee in 1999 under the former statute.

*Judgment affirmed in Case No. A02A1824 and Case No. A02A1825. Phipps and Mikell, JJ., concur.*

DECIDED DECEMBER 4, 2002.

*Skelton & Skelton, John H. Skelton,* for appellants.
*Haynie, Litchfield & Crane, Douglas R. Haynie, H. Scott Gregory, Jr.,* for appellee.