A03A1603. BUCKLER et al. v. DEKALB COUNTY BOARD OF TAX ASSESSORS.
(587 SE2d 797)

PHIPPS, Judge.

The DeKalb County Board of Tax Assessors assessed Robert and Jane Buckler's property for ad valorem tax purposes as of January 1, 2001, at $1,151,900, and the Bucklers appealed this assessment to the Board of Equalization. The Board of Equalization affirmed the County's assessment, and the Bucklers filed an appeal in superior court, asserting that there was a lack of uniformity in the County's assessment and that there was an unreasonable increase since their property was last assessed. The Bucklers appeal the jury's verdict that the fair market value of their property was $1,146,600 and assert that the trial court erred by (1) excluding evidence that the County raised the assessments on two properties it considered com-

parable in 1998 at a much lower rate than the Bucklers' property; (2) excluding evidence of the County's last assessment of the property in 1998; (3) excluding a statement made by the County in the Board of Equalization proceeding; and (4) permitting the jury to increase the appraised value of the land for a reason not specified in the County's initial notice of the increased assessment. For reasons that follow, we reverse.

1. The Bucklers claim that the trial court should have allowed them to submit evidence showing that the County failed to appraise their property uniformly. This evidence relates to the County's assessment of their property in 1998, which the Bucklers appealed. When defending its assessment in that appeal, the County identified two properties as the "best support" for its appraisal. The Bucklers' 1998 appeal was resolved by settlement, and the first year the County could change the assessment for tax purposes was 2001. In 2001, the County used different comparables and raised the assessment on the Bucklers' property by more than 90 percent since its last assessment in 1998.[1] The assessments on the two 1998 comparables were raised only 14.4 and 18 percent over the same time period.[2]

> We review the trial court's decision to admit or exclude evidence under the abuse of discretion standard. We also recognize, however, that evidence which logically tends to prove or disprove a material fact in issue is relevant and all relevant evidence should be admitted for the jury's consideration unless its probative value is substantially outweighed by the danger of unfair prejudice. The Georgia rule favors the admission of any relevant evidence, no matter how slight its probative value. Evidence of doubtful relevancy or competency should be admitted and its weight left to the jurors.[3]

In this case, the trial court excluded the evidence of the 1998 comparables based on its conclusion that the County was not required to use the same comparables each year. While this proposition may be true, it does not alter the fact that this evidence logically tends to prove that the County may not have assessed the Bucklers'

---

[1] In 1998, the Bucklers' home was appraised at $637,500, and in 2001, it was appraised at $1,151,900.

[2] The first comparable was raised from $569,800 to $652,237, and the second comparable was raised from $727,300 to $995,695. In 1998, the County's value for the Bucklers' property was $89,800 less than the second comparable's value. In 2001, the County's value for the Bucklers' property was $156,205 more than the second comparable's value.

[3] (Citations and punctuation omitted.) *C & F Svcs. v. First Southern Bank*, 258 Ga. App. 71, 75 (1) (573 SE2d 102) (2002).

property uniformly, an issue raised by the Bucklers in their appeal to the superior court.

> Pursuant to our constitution, all taxation, except as otherwise provided, "shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax."[4] This requirement means that all kinds of property of the same class not absolutely exempt must be taxed alike, by the same standard of valuation, equally with other taxable property of the same class, and co-extensively with the territory to which it applies, meaning the territory from which the given tax, as a whole, is to be drawn. Realty and tangible personal property are of the same class, and the constitutional rule of uniformity in taxation requires that both be taxed alike.[5]

The trial court abused its discretion by refusing to admit evidence showing that the County increased the value of other properties it had previously deemed comparable at a lower rate than the Bucklers' property. If the jury had heard this evidence, it might have altered its verdict; as a result, we must reverse this case for a new trial.[6] Because the other evidentiary errors asserted by the Bucklers in this appeal might arise in a retrial of this case, we will address them.

2. The trial court abused its discretion when it excluded evidence of the value of the County's appraisal in 1998, the last appraisal before the one at issue in this appeal.[7] Because we found harmful error in Division 1 of our opinion, we need not analyze whether this error alone warrants reversal.

3. The Bucklers claim that they should have been permitted to show the jury that the County made the following statement on a Market Worksheet it submitted to the Board of Equalization justifying its 2001 appraisal of the property: "Value was frozen for 3 years by 98 court case." According to the Bucklers, the statement shows the County was acting in bad faith and retaliating against them for their previous appeal. The trial court excluded this evidence because the Bucklers' appeal was a de novo proceeding and what happened before the Board of Equalization "has absolutely no bearing whatsoever."

---

[4] Ga. Const. 1983, Art. VII, Sec. I, Par. III (a).

[5] (Citations and punctuation omitted.) *Gwinnett County Bd. of Tax Assessors v. Ackerman/Indian Trail Assn.*, 198 Ga. App. 723, 724 (1) (402 SE2d 794) (1991).

[6] See *Powers Ferry Constr. v. Commerce Builders*, 191 Ga. App. 327, 329 (2) (381 SE2d 755) (1989).

[7] See *Bd. of Tax Assessors of Muscogee County v. McCauley*, 245 Ga. 381, 382 (265 SE2d 786) (1980) ("the value of the property determined by the tax assessors for the previous year is admissible as evidence").

We disagree. While it is true that any findings by the Board of Equalization would have no bearing on the Bucklers' de novo appeal, it does not follow that all statements made by the County in that proceeding should be excluded as irrelevant. This evidence was relevant to rebut the presumption that the County performed its duties lawfully and in good faith.[8] The jury should have heard this evidence and decided what, if any, weight to give it. Again, our holding in Division 1 makes it unnecessary for us to determine whether the trial court's exclusion of this evidence was harmful.

4. In their final claim on appeal, the Bucklers assert that the trial court erred in permitting the jury to increase the appraised value of their land for a reason not specified in the County's initial "notice of assessment change." The Bucklers contend that because the County's initial notice listed the basis for the change as "Land Characteristics Changed," the County could not justify its increased valuation at trial based upon a change in the value of the land or the building.

We cannot consider this claim because it has not been preserved for our review. The Bucklers fail to provide a record cite for any ruling by the trial court on this issue. Our review of the record shows that the Bucklers made no objection to the trial court's charge to the jury or to the form of the verdict.

*Judgment reversed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED SEPTEMBER 19, 2003.

*Troutman Sanders, Robert H. Buckler, Frederick C. Dawkins*, for appellants.

*Constangy, Brooks & Smith, Kimberly M. Esmond, Robert D. Ware*, for appellee.

---

[8] See *Coleman v. Montgomery County*, 228 Ga. App. 276, 278 (491 SE2d 495) (1997).