A05A1033. PULASKI COUNTY BOARD OF TAX ASSESSORS v. JFS PROPERTIES, INC.
(618 SE2d 151)

MIKELL, Judge.

JFS Properties, Inc. ("JFS Properties"), purchased a textile manufacturing plant in Pulaski County in 2002. The purchase price was $250,000. JFS Properties paid the 2002 ad valorem taxes on the property under protest, which amount was based on a fair market value of $491,580, then appealed the assessment to the Pulaski County Board of Equalization (the "Board"). The Board affirmed the assessment, and JFS Properties appealed to the superior court from the Board's decision.

A Pulaski County jury determined that the fair market value of the property was $250,000. Pursuant to OCGA § 48-5-311 (g) (4) (B) (ii), "[i]f the final determination of value on appeal is 80 percent or less of the valuation set by the county board of equalization as to commercial property, . . . the taxpayer, in addition to the interest provided for by this paragraph, shall recover costs of litigation and reasonable

attorney's fees incurred in the action." Because the jury's determination as to fair market value was less than 80 percent of the value assessed by the Board, JFS Properties argued that it was entitled to recover its litigation costs, which included $19,595 in attorney fees, $733.09 in expenses, and $4,200 in expert witness fees. The trial court agreed, awarding JFS Properties attorney fees in the amount requested and litigation costs in the amount of $4,933.08. The Board appeals only the portion of the judgment that awarded the costs of litigation. We affirm.

OCGA § 48-5-311 (g) (4) (B) (ii) "was enacted as part of § 3 of Ga. L. 1999, pp. 1043, 1049, amending Chapter 5 of Title 48 relating to ad valorem taxation of property. Prior to the amendment, there was no statutory provision for recovery of costs or fees."[1] The statute was intended to apply to all assessments and proceedings commenced on or after January 1, 2000.[2] In this case, the assessment at issue occurred in 2002, and the jury's determination of fair market value was less than 80 percent of the value assessed by the Board. Thus, in accordance with OCGA § 48-5-311 (g) (4) (B) (ii), JFS Properties was entitled to recover attorney fees and its costs of litigation.[3]

The Board argues that by "costs of litigation," the legislature intended only that the taxpayer recover court costs. In support of its argument, the Board relies on *Lawhorne v. Soltis*,[4] a declaratory judgment action, in which our Supreme Court held that the term "costs," as utilized in OCGA § 9-4-9, did not include attorney fees or expenses of litigation.[5] *Lawhorne*,[6] however, is inapposite here as this is not a declaratory judgment action. Instead, this case is squarely governed by OCGA § 48-5-311 (g) (4) (B) (ii), which provides for the recovery of "costs of litigation," not simply "costs." Thus, we affirm the trial court's judgment.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

---

[1] *Morrison v. Cobb County Bd. of Tax Assessors*, 258 Ga. App. 697, 698 (574 SE2d 888) (2002).

[2] Id.

[3] Compare id. (the taxpayers could not recover the costs of litigation and attorney fees because the assessments at issue and appeals therefrom occurred in 1999, before the effective date of the statute).

[4] 259 Ga. 502 (384 SE2d 662) (1989).

[5] Id. at 504 (3).

[6] Supra.

DECIDED JULY 19, 2005.

W. Dennis Mullis, for appellant.
Adams, Jordan & Treadwell, Marc T. Treadwell, for appellee.