A05A1065. DeKALB COUNTY et al. v. WELLBORN ROAD
COMMON TENANCY.
(622 SE2d 409)

SMITH, Presiding Judge.

This appeal arises out of the trial court's order barring DeKalb County and the DeKalb County Board of Tax Assessors (collectively DeKalb County) from relitigating the value of certain real property for two years following consideration of the valuation issue by a jury. Because the record does not affirmatively show that changes to the property substantially affected the value of the property during the relevant time period, we affirm the judgment of the trial court.

As described by the complaint, plaintiff Wellborn Road Common Tenancy "is a common tenancy ownership, comprised of individuals who own all that parcel of land identified as 2253 Wellborn Road." Wellborn Road brought this action against DeKalb County seeking a declaration that DeKalb County could not challenge a previous jury adjudication of the fair market value for the 2001 tax year. It appears to be undisputed that a jury found the parcel's fair market value for purposes of the 2001 tax year to be $692,664. The parties also do not appear to dispute that Wellborn Road sold 8.3418 acres of the parcel, leaving 14.79 acres remaining. For the 2002 tax year, Wellborn Road returned the property at the value found by the jury for the 2001 tax year. It further appears that DeKalb County reassessed the property for the 2002 and 2003 tax years at $1,318,690, an amount substantially greater than the 2001 value found by the jury.

Relying on OCGA § 48-5-299, Wellborn Road filed a complaint seeking an order prohibiting relitigation of the 2001 valuation for the following two years, a declaration that the tax value for those succeeding two years was $692,664, and an order that the ad valorem taxes be adjusted accordingly for those years. Wellborn Road further requested that DeKalb County be given notice of its request for a tax refund of $23,868.24. DeKalb County answered and filed a cross-motion for declaratory judgment. The trial court denied DeKalb County's motion and granted judgment in favor of Wellborn Road.

DeKalb County appeals, contending that OCGA § 48-5-299 (c) and the rules and regulations of the Georgia Department of Revenue require reversal. OCGA § 48-5-299 (c) provides as follows:

> Real property, the value of which was established by an appeal in any year, that has not been returned by the taxpayer at a different value during the next two successive years, may not be changed by the board of tax assessors during such two years for the sole purpose of changing the valuation established or decision rendered in an appeal to the board of equalization or superior court. In such cases, before changing such value or decision, the board of assessors shall first conduct an investigation into factors currently affecting the fair market value. The investigation necessary shall include, but not be limited to, a visual on-site inspection of the property to ascertain if there have been any additions, deletions, or improvements to such property or the occurrence of other factors that might affect the current fair market value and a review to determine if there are any errors in the description and characterization of such property in the files and records of the board of tax assessors.

This Code section makes it clear that for two successive years after the value of property has been determined in an appeal, if a taxpayer returns the value of real property at the amount established by the appeal, it cannot be reassessed "for the sole purpose of changing the valuation established or decision rendered in an appeal." OCGA § 48-5-299 (c). In addition, under the relevant regulations, a change of assessment during the two tax years following an appeal may be authorized if "an appraisal based on current market conditions indicates the value has changed substantially from the value established by the recent appeal." Ga. Comp. R. & Regs. r. 560-11-10-.09 (2) (c) (1) (i).

DeKalb County contends that the property was not reassessed for the sole purpose of changing the valuation but instead that the change in value was authorized by the sale of a portion of the property. It argues in its brief that

> [t]he unimproved real property appellee sold was zoned for residential use, while the property retained by appellees was zoned for commercial use. Thus, prior to the date of assessment for tax year 2002, there was a substantial change in the physical characteristics of the subject property that affected its fair market value for tax year 2002.

While it is undisputed that part of the property was sold, a change in valuation under OCGA § 48-5-299 (c) or the relevant rules and regulations would be authorized only if the sale affected the fair market value of the property retained by Wellborn Road. Although DeKalb County argues throughout its brief that the sale of a portion of the Wellborn Road property substantially changed the value of the remaining portion, these statements are not supported by evidence in the record. It is axiomatic that unsupported factual statements in briefs do not constitute evidence. *Smith v. Ga. Asset Properties*, 251 Ga. App. 595, 596 (1) (554 SE2d 561) (2001). As argued by Wellborn Road, so far as we can discern from the record, "[a] sale of a portion of the property is all that happened," and "nothing has changed except that there is less land to assess than before. There has been no showing by the county that improvements have been made to the property. No showing that the property has been rezoned."

Contrary to DeKalb County's argument that the description or characterization of the property in the records of the board of tax assessors contains errors, we have found nothing in the record showing the existence of such errors. The trial court noted in its order that "[t]he legal description of the property as returned in 2002 accurately reflected the smaller parcel of land" even though it was returned at the value as determined by the jury for the 2001 tax year.

In a footnote in its appellate brief, DeKalb County cites *Coleman v. Montgomery County*, 228 Ga. App. 276 (491 SE2d 495) (1997), in which this court stated that "tax assessors, like all public officials, are presumed to perform their duties lawfully and in good faith unless proven otherwise. [Cits.]" Id. at 278. But this is a rebuttable presumption. See *Buckler v. DeKalb County Bd. of Tax Assessors*, 263 Ga. App. 305, 308 (587 SE2d 797) (2003). Under the facts of this case, we conclude that the presumption of legal performance of duties has been overcome. The record here simply does not show that the sale of a portion of the subject property resulted in an increase in the value of the remaining property. The only conclusion we can reach on the record before us is that the property was reassessed for the sole purpose of increasing its value, in contravention of OCGA § 48-5-299 (c).

*Judgment affirmed. Ellington and Adams, JJ., concur.*

DECIDED OCTOBER 19, 2005.

*William J. Linkous, Sam L. Brannen, Jr.*, for appellants.
*Zachary & Segraves, J. Ed Segraves*, for appellee.