A07A1576. BUCKLER et al. v. DeKALB COUNTY BOARD OF TAX ASSESSORS.
(654 SE2d 184)

MILLER, Judge.
This is the second appearance of this ad valorem tax appeal action before this Court. In 2001, Robert and Jane Buckler's residence at 2692 Mabry Road was assessed at $1,500,900 and the Bucklers appealed. Following a jury trial, the jury returned a verdict finding the fair market value of the property to be $1,146,600. In *Buckler v. DeKalb County Bd. of Tax Assessors*, 263 Ga. App. 305 (587 SE2d 797) (2003), we reversed such verdict, finding

> that the trial court erred by (1) excluding evidence [showing] that the County raised the assessments on two properties it considered comparable in 1998 at a much lower rate than the Bucklers' property; (2) excluding evidence of the County's last assessment of the property in 1998; [and] (3) excluding a statement made by the County in the Board of Equalization proceeding.

Id. at 305-307 (1)-(3).
Upon the retrial of the case in 2004, the jury returned a verdict finding that the fair market value of the Bucklers' property in 2001 was $930,000. Because the foregoing verdict was less than 85 percent

---

of the 2001 tax assessment of $1,500,900,[1] the Bucklers petitioned for their attorney fees pursuant to OCGA § 48-5-311 (g) (4) (B) (ii).[2] Following a hearing thereon, at which the Bucklers sought their attorney fees of $146,862.50, the trial court awarded them such fees of $41,040 for work done in prosecuting the underlying litigation in the trial court at an hourly rate of $200 per hour, but denied them their attorney fees for work done in connection with their appeal of the first jury verdict. It is from the latter ruling alone that the Bucklers now appeal. Finding that the Bucklers' appeal of the first jury verdict was among the "means" by which they successfully prosecuted their tax appeal, we affirm in part, reverse in part, and remand for a further hearing on attorney fees not inconsistent with this opinion. The order below is otherwise affirmed.

"When a question of law is at issue, as here, we owe no deference to the trial court's ruling and apply the plain legal error standard of review." (Citations and punctuation omitted.) *Suarez v. Halbert*, 246 Ga. App. 822, 824 (1) (543 SE2d 733) (2000); see also *Simmons v. Bd. of Tax Assessors of Effingham County*, 268 Ga. App. 411 (1) (602 SE2d 213) (2004).

The Bucklers contend that the trial court erred in denying their request for attorney fees incurred in connection with their appeal of the first jury verdict to this Court. In support of their claims, the Bucklers cite OCGA § 48-5-311 (g) (4) (B) (ii), which authorizes the recovery of such fees "*incurred in the [taxpayer's] action.*" (Emphasis supplied.) The question at issue then is whether the legislature's use of the word "action" was intended to limit the recovery of attorney fees to those incurred in the trial court. In this regard, we need not look beyond the Georgia Civil Practice Act for direction. Therein, the word "action" is defined broadly as the "*means* of enforcing a right." (Emphasis supplied.) OCGA § 9-2-1.

Were the right of appeal not literally a "judicial means" of enforcing a right, the Bucklers would not now be before this Court. See *Telecom*USA v. Collins*, 260 Ga. 362, 363 (1) (393 SE2d 235) (1990) (The "golden rule" of statutory construction requires this Court to " 'follow the literal language of the statute unless it produces contradiction, absurdity or such an inconvenience as to [e]nsure that the legislature meant something else.' [Cit.]"). The Bucklers' attorney fees in connection with the appeal of the first jury verdict, therefore,

[1] 85 percent of $1,500,900 = $1,275,765.

[2] OCGA § 48-5-311 (g) (4) (B) (ii) provides, in part: "If the final determination of value on appeal is . . . 85 percent or less of the valuation set by the county board of tax assessors . . . , the taxpayer . . . shall recover costs of litigation and reasonable attorney's fees incurred in the action."

were incurred in the prosecution of the underlying action. See *Pulaski County Bd. of Tax Assessors v. JFS Properties*, 274 Ga. App. 520, 521 (618 SE2d 151) (2005) ("OCGA § 48-5-311 (g) (4) (B) (ii) . . . was intended to apply to *all assessments and proceedings commenced on or after January 1, 2000.*") (citations omitted; emphasis supplied). Consequently, the trial court erred in determining that the Bucklers were not entitled to an award of their reasonable attorney fees incurred in appealing the first jury verdict under OCGA § 48-5-311 (g) (4) (B) (ii).

In light of the foregoing, we reverse that portion of the trial court's order denying the Bucklers attorney fees for work done in connection with their appeal of the first jury verdict, and we remand the case with direction that the trial court conduct a further hearing for the purpose of awarding the Bucklers their reasonable attorney fees, inclusive of those incurred incident to the instant appeal, as demanded by the evidence.

*Judgment affirmed in part and reversed in part, and case remanded with direction. Barnes, C. J., and Phipps, J., concur.*

DECIDED NOVEMBER 8, 2007.

*Troutman Sanders, Matthew R. Almand*, for appellants.
*Constangy, Brooks & Smith, Edgar W. Ennis, Jr., Duane D. Pritchett*, for appellee.