**SECOND DIVISION**
**MILLER, P. J.,**
**MERCIER and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**June 9, 2023**

# In the Court of Appeals of Georgia

A23A0087. LANG ENTERPRISES LTD. CO. d/b/a LANG
    RESTORATION & CONSTRUCTION v. ALCUE
    PROPERTIES & INTERIORS, INC. d/b/a PRIMROSE
    SCHOOL OF LAWRENCEVILLE NORTH.

HODGES, Judge.

In this construction row, Alcue Properties & Interiors, Inc. d/b/a Primrose
School of Lawrenceville North ("Primrose") filed a demand for arbitration against
Lang Enterprises Ltd. Co. d/b/a Land Restoration & Construction ("Lang") for
damages resulting from Lang's mitigation work following a property loss at Primrose.
Instead, the arbitrator awarded Lang $142,700 for the mitigation work it performed.
Lang filed a petition to confirm the arbitration award, while Primrose moved to vacate
the award. The Superior Court of Gwinnett County ultimately vacated the award, and
Lang appeals, contending that the trial court erred in vacating the arbitrator's award

based upon a manifest disregard of the law and in adopting a proposed order presented by Primrose's counsel. For the following reasons, we reverse.

The facts in this case are sparse. The limited record demonstrates that Primrose and Lang executed an agreement for Lang to perform work at Primrose's facility following a loss. At some point during construction, and for reasons not evident from the record, the parties' relationship soured and Primrose filed a demand for arbitration in accordance with the parties' agreement. Lang also filed a counter-demand for arbitration, seeking more than $100,000 for its work. Following a hearing, the arbitrator concluded that Primrose "[b]reached the Contract when it refused to allow [Lang] access to the property to complete the work." As a result, the arbitrator awarded Lang $142,700.

Lang filed a petition to confirm the arbitration award, while Primrose countered with a motion to vacate the award. In an order drafted by Primrose's counsel, the trial court found that the arbitrator manifestly disregarded the law because, "[w]hile there is no transcript of the hearing before the arbitrator, the pleadings submitted to the arbitrator demonstrate that [the arbitrator] was made aware that there is [no] right to repair in a commercial construction context" and because the award exceeded the amount Primrose would have owed Lang. The trial court concluded that "[t]he

2

arbitration record, as well as [the arbitrator's] credentials, demonstrate that he was fully aware of the law and disregarded same" and granted Primrose's motion to vacate the award. Lang's appeal follows.

1. First, Lang contends that the trial court erred in vacating the arbitration award because there was no showing of a manifest abuse of discretion by the arbitrator. We agree.

Under Georgia law, "trial courts are severely limited in vacating an arbitration award so as not to frustrate the legislative purpose of avoiding litigation by resort to arbitration." (Citation and punctuation omitted.) *Adventure Motorsports Reinsurance, Ltd. v. Interstate Natl. Dealers Svcs*., 313 Ga. 19, 25 (1) (867 SE2d 155) (2021). As a result, "judicial review of an arbitration award is strictly limited to five statutory grounds set forth in OCGA § 9-9-13 (b)." *ABCO Builders v. Progressive Plumbing*, 282 Ga. 308, 309 (647 SE2d 574) (2007). Relevant to this case, an arbitration award "shall be vacated on the application of a party who either participated in the arbitration or was served with a demand for arbitration if the court finds that the rights of that party were prejudiced by . . . [t]he arbitrator's manifest disregard of the law." OCGA § 9-9-13 (b) (5). "To manifestly disregard the law, one must be conscious of the law and deliberately ignore it." (Citation and punctuation omitted.)

3

*ABCO Builders*, 282 Ga. at 309. To that end, such "disregard must be both evident and intentional[,]" and

> clear evidence of the arbitrator's intent to purposefully disregard the law is required. That is, there must be concrete evidence of this intent either in the findings of the arbitrator . . . or in the transcript of the arbitration hearing[.]

Id. "[T]his showing is an extremely difficult one to make, especially in light of the fact that an arbitrator is not required to make findings of fact or state his or her rationale in reaching decisions." Id.

In this case, just as in *ABCO Builders*, "the record contains neither findings of the [arbitrator] nor a transcript of the arbitration hearing, and there is nothing else in the record which would indicate the intent of the [arbitrator] in reaching the conclusion that [he] did."[1] 282 Ga. at 309-310. As a result,

> [t]he superior court [in this case] could not determine from the face of the arbitration award what law the [arbitrator] applied or that the

---

[1] In fact, the 191-page record on appeal is devoid of even the most basic factual details, including the parties' agreed contract price, Lang's scope of work, the reasons leading up to the arbitration demands, and the arbitrator's reasoning in reaching his conclusions. See generally *DeKalb County v. Wellborn Road Common Tenancy*, 276 Ga. App. 14, 16 (622 SE2d 409) (2005) ("It is axiomatic that unsupported factual statements in briefs do not constitute evidence.").

[arbitrator] deliberately ignored the applicable law. Therefore, in the absence of a hearing transcript of the arbitration proceedings, the court was without authority to vacate the arbitrator['[]s award on the ground that [he] manifestly disregarded the law.

*Progressive Plumbing v. ABCO Builders*, 281 Ga. App. 696, 698 (637 SE2d 92) (2006). Accordingly, we reverse the trial court's order vacating the arbitration award in Lang's favor.

In an effort to escape this result, Primrose points to pleadings filed in the arbitration[2] in which it argued that, "[*p*]*resumably*, the award is based upon Georgia's Right to Repair Act" which "does not apply here." (Emphasis supplied.) Primrose also references the arbitrator's extensive experience, including assertions that he has taught course work in the field of construction contracts. These assertions simply do "not provide viable concrete evidence that the [arbitrator] purposefully intended to disregard applicable law." *ABCO Builders*, 282 Ga. at 310.

---

[2] The only pleadings from the arbitration contained in the record on appeal are Primrose's motion to modify the arbitration award, Lang's response to the motion, Primrose's reply, Lang's surreply, and the arbitrator's summary denial of Primrose's motion. Moreover, the pleadings themselves contain factual allegations for which there is no support in the record.

2. In view of our decision in Division 1, we need not consider Lang's second enumeration that the trial court erred in adopting the proposed order submitted by Primrose's counsel.

*Judgment reversed. Miller, P. J., and Mercier, J., concur.*